[Cite as *Am. Cancer Society E. Central Div. v. Huntington Natl. Bank*, 2012-Ohio-5448.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AMERICAN CANCER SOCIETY | : | JUDGES: |
| EAST CENTRAL DIVISION, ET AL. | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellants | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| HUNTINGTON NATIONAL BANK, ET AL. | : | Case No. CT2012-0033 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                      Pleas, Probate Division, Case No.
                                      20128001A


JUDGMENT:                             Reversed and Remanded


DATE OF JUDGMENT:                     November 19, 2012


APPEARANCES:

For Plaintiffs-Appellants             For Defendant-Appellees

STEVEN J. SHROCK                      SCOTT D. EICHELBERGER
138 East Jackson Street               RYAN H. LINN
Millersburg, OH  44654                50 North Fourth Street
                                      P.O. Box 1030
                                      Zanesville, OH  43702-1030

*Farmer, J.*

{¶1} Prior to her death, Lillian W. Keckley created a trust on October 22, 1973. The trust was created to benefit Mrs. Keckley's granddaughter, Paula Long, and her issue, as well as Mrs. Keckley's great-granddaughter, Theresa Jones. A major portion of the trust was to be distributed when Paula turned sixty years of age on February 26, 2011. Thereafter, the trust was to be divided into four equal parts and distributed to Paula if she was still living, and if not, to her children, and to appellants, the Zanesville, Ohio Cancer Fund, the Zanesville, Ohio Heart Fund, and the Zanesville, Ohio Fund for Mentally Retarded Children or their successors. Trustee of the trust is appellee, Huntington National Bank.

{¶2} On August 14, 1998, appellee's predecessor filed a declaratory judgment action to construe the trust. *First Financial Services Group, N.A. v. Long, et al.,* Muskingum Probate No. 988004A. By agreed entry filed June 7, 1999, the parties to the action, the same parties sub judice, agreed appellee had sole discretion to make distributions until the date of the final termination of the trust, and the standards for the making of distributions from the trust were in appellee's sole discretion.

{¶3} Shortly after Paula's 60th birthday on February 26, 2011, appellee, as successor trustee, distributed $327,171.74 to Paula which represented one-fourth of the trust funds. Appellee did not distribute any further funds.

{¶4} On February 3, 2012, appellants, American Cancer Society East Central Division, Inc., American Heart Association, Inc., and Muskingum County Board of Mental Retardation and Developmental Disabilities, as successor beneficiaries, filed a complaint against appellee to terminate the trust and distribute the remaining funds as

directed in the trust. Appellants also sued appellee for breach of fiduciary duty and conversion and sought damages for appellee's refusal to terminate the trust. Appellants further challenged certain distributions made by appellee prior to the termination and requested an accounting.

{¶5} On March 5, 2012, appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted. Appellee argued the doctrine of res judicata based upon the agreed entry of the 1998 declaratory judgment action, and based upon the language of the trust, it had the discretion to continue the trust as long as it wished. By judgment entry filed May 1, 2012, the trial court granted the motion, finding the parties were bound by the agreed entry of the 1998 declaratory judgment action.

{¶6} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT ERRED BY HOLDING THAT PLAINTIFFS' CLAIMS WERE DECIDED WITHIN A PRIOR LAWSUIT AND HENCE BARRED BY THE DOCTRINE OF *RES JUDICATA.*"

II

{¶8} "THE TRIAL COURT ERRED BY HOLDING THAT THE TRUST GRANTS ITS TRUSTEE DISCRETION TO DETERMINE WHEN THE TRUST TERMINATES."

I

{¶9} Appellants claim the trial court erred in granting appellee's motion to dismiss pursuant to Civ.R. 12(B) as their claims were not barred by the doctrine of res judicata. We agree.

{¶10} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greely v. Miami Valley Maintenance Contrs. Inc.,* 49 Ohio St.3d 228 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd. v. Faber,* 57 Ohio St.3d 56 (1991).

{¶11} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. However, as explained by the Supreme Court of Ohio in *State ex rel. Coles v. Granville,* 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 37, the doctrine is limited in actions involving declaratory judgments:

> Unlike other judgments, however, "a declaratory judgment determines only what it actually decides and does not preclude other claims that might have been advanced." *Shemo,* 95 Ohio St.3d at 69, 765 N.E.2d 345; 1 Restatement of the Law 2d, Judgments (1982) 337, Section 33, Comment *c.* Consequently, "[f]or a previous declaratory judgment, res judicata precludes only claims that were *actually decided.*" (Emphasis sic.) *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.,* 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040, ¶ 22.

{¶12} In its judgment entry filed May 1, 2012, the trial court determined the agreed entry of the 1998 declaratory judgment action bound the parties and was determinative of the issues sub judice:

(1) This Court finds that all of the parties in the matter at bar were parties to First Financial Services Group, N.A. v. Paula Jean Graham Long, et al., Case No. 988004A. All of the parties were represented by counsel when they entered into an agreement with this Court whereby all parties agreed that the predecessor to Defendant was the Trustee and that the Trustee had the sole discretion as to the making of distributions until the date of the final termination of the Trust and that the standards for making of distributions from the Trust were within the sole discretion of the Trustee.

(2) This Court finds that the Agreed Entry entered into by and between the parties in First Financial Services Group, N.A. v. Paula Jean Graham Long, et al., Case No. 988004A, is binding upon the parties to this action and is conclusive of the issues before this Court on Plaintiff's complaint. By agreement, Defendant has the sole discretion as Trustee to determine the final termination date of the Trust, to determine any and all distributions from the Trust, and to carry out the Trust principles. This Court finds that the Trust which is the subject of this litigation places the full power, authority and discretion into Defendant as Trustee in carrying

out the trust provisions, including all interpretation regarding the termination of the Trust. A review of the trust document shows Lillian W. Keckley intended to provide for the welfare of all of her family members prior to the beneficiaries receiving distributions pursuant to the Trust. Therefore, based upon the foregoing, the claims of the plaintiffs' in the case herein are barred.

{¶13} The complaint filed in this case sought the termination of the trust as Paula had turned sixty years old on February 26, 2011. The complaint also claimed appellee had breached its fiduciary duty by not terminating the trust and distributing the assets, thereby converting appellants' funds intentionally and without good faith. Appellants further challenged certain distributions made by appellee prior to the termination and requested an accounting.

{¶14} The 1998 declaratory judgment action initiated by the predecessor trustee requested the trial court to construe the trust as follows:

> 1)    Does the Plaintiff have full discretion as to the making of distributions from this trust, prior to February 26, 2011?
>
> 2)    Are there any standards providing for required distributions by the Trustee?
>
> 3)    If the answer to No. 2 is yes, what are those standards and to whom are those distributions to be made?

4)     Is the trustee within its rights to refuse the $547,000 distribution requested by the Defendant Theresa Jones Addison?

5)     Has the American Cancer Society succeeded to the interest in the trust of the Zanesville, Ohio Cancer Society?

6)     Has the American Heart Association succeeded to the interest in the trust of the Zanesville, Ohio Heart Fund?

7)     Has the Muskingum County Board of Mental Retardation and Development Disabilities succeeded to the interest in the trust of the Zanesville, Ohio Fund for Mentally Retarded Children?

8)     That the court find that the distribution of funds to the Defendant, Allie L. Jones, for her education, is within the meaning of the trust and that such distribution be approved.

9)     For such other and further relief as is just and equitable in the circumstances.

{¶15} The 1998 declaratory judgment action was settled by an agreed entry filed on June 7, 1999 which stated the following:

**IT IS HEREBY AGREED** and the Court finds that:

1)     The Trustee has the sole discretion as to the making of distributions until the date of final termination of the Trust;

2)     That the standards for the making of distributions from the Trust are within the sole discretion of the Trustee;

3)      That the Trustee did not abuse its discretion in refusing the $547,000 distribution requested by the Defendant, Theresa Jones Addison;

4)      That all parties herein had notice, actual or constructive, of the existence of the Trust, and the Trustee has no obligation to give notice to any other person;

5)      That the American Cancer Society, Ohio Division, Inc. with its main administrative offices at 5555 Franz Road, Dublin, Ohio 43017, and a branch office in Zanesville, Ohio has succeeded to the interest in the Trust of the Zanesville Ohio Cancer Society;

6)      That the American Heart Association, Ohio Valley Affiliate, Inc. with its main administrative offices at 5455 North High Street, Columbus, Ohio 43214 and a branch office in Zanesville, Ohio has succeeded to the interest in the Trust of the Zanesville Ohio Heart Fund;

7)      That the Muskingum County Board of Mental Retardation and Development Disabilities has succeeded to the interest in the Trust of the Zanesville Ohio Fund for Mentally Retarded, or in the alternative is deemed a residual beneficiary of the Trust, in place of The Zanesville, Ohio Fund for Retarded Children;

8)      That all distributions of funds made by the Trustee prior to the date of this Entry were not an abuse of the Trustee's discretion and are approved;

9)      The residuary beneficiaries and the Trustee have agreed that the Trustee shall pay the Defendant, Theresa Jones Addison, the Sum of $5,000.00 from the Trust, in settlement of her claim, and the Court hereby approves such settlement;

10)     That Theresa Jones Addison shall remain eligible to apply for distributions from the Trust, for permitted purposes;

{¶16} Item IX of Ms. Keckley's trust provided for the following:

(a)     After my death the trust shall be operated as a single fund until the sixtieth (60th) anniversary of Paula's birth. On that date twenty-five per cent (25%) of the principal or One Hundred Thousand Dollars ($100,000.00), whichever is larger, shall be distributed to Paula if she is living; if she is not living, it shall be distributed to her children. The remainder shall be divided equally between the following:

(1)     The Zanesville, Ohio Cancer Fund

(2)     The Zanesville, Ohio Heart Fund

(3)     The Zanesville, Ohio Fund for Mentally Retarded Children

{¶17} It is conceded the 60th anniversary of Paula's birth had not occurred at the time of the filing of the 1998 declaratory judgment action or the 1999 agreed entry as

Paula turned sixty on February 26, 2011. On March 10, 2011, appellee made a distribution to Paula in the amount of $327,171.74.

{¶18} We conclude the claims in the complaint sub judice are not barred under the theory of res judicata as the termination date of the trust was not litigated in the 1998 declaratory judgment action nor was it ripe for review during the pendency of the case and its agreed entry.

{¶19} Upon review, we find the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss.

{¶20} Assignment of Error I is granted.

II

{¶21} Appellant claims the trial court erred in finding the date of Paula's 60th birthday was not the termination date of the trust. We conclude this finding was premature as the matter has not been fully litigated.

{¶22} Assignment of Error II is granted.

{¶23}  The judgment of the Court of Common Pleas of Muskingum County, Ohio, Probate Division is hereby reversed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.

_____

_____

_____

JUDGES

SGF/sg 102

[Cite as *Am. Cancer Society E. Central Div. v. Huntington Natl. Bank*, 2012-Ohio-5448.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AMERICAN CANCER SOCIETY<br>EAST CENTRAL DIVISION, ET AL. | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HUNTINGTON NATIONAL BANK, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. CT2012-0033 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Probate Division is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee Huntington National Bank.

_____

_____

_____

JUDGES