[Cite as *Leonard v. Huntington Bancshares, Inc.*, 2014-Ohio-2421.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Dolores Leonard,               :

       Plaintiff-Appellant,         :          No. 13AP-843
                                           (C.P.C. No. 12CV-007611)

v.                                 :

                                              (REGULAR CALENDAR)

Huntington Bancshares, Inc., d.b.a.     :
Huntington National Bank et al.,

                                         :

       Defendants-Appellees.       

                                         :

D E C I S I O N

Rendered on June 5, 2014

*Chuparkoff and Junga, LLP, Christopher T. Junga*, and *Mark Chuparkoff*, for appellant.

*Jody Michelle Oster*, for appellee Huntington National Bank.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Plaintiff-appellant, Dolores Leonard, appeals from several judgments entered by the Franklin County Court of Common Pleas in her action to recover funds allegedly misappropriated from various financial accounts.

{¶ 2} Leonard began this action with a complaint filed on June 12, 2012 alleging that defendant-appellee Huntington Bancshares, Inc. and several individual bank employees (collectively "Huntington") were responsible for a loss of funds from her accounts. The complaint stated a total of nine claims concerning three accounts opened by Leonard with a Huntington branch.

{¶ 3} Huntington eventually filed two separate motions for summary judgment. The first motion sought summary judgment as to all claims related to two of the three

financial accounts.  The trial court granted this motion by judgment entry dated May 23, 2013, finding that the claims were time-barred.  This decision and judgment entry does not contain Civ.R. 54(B) language that would make it a final, appealable order.

{¶ 4}   Huntington then filed a second motion for summary judgment addressing the remaining claims arising out of the third financial account.  The trial court granted this motion in part by decision and entry dated August 13, 2013.  The court granted summary judgment in favor of Huntington on all of Leonard's claims relating to the third account with the exception of a breach of contract claim and constructive trust claim, finding that these were the only claims not time-barred under R.C. 2305.06.  Again, the court's judgment does not contain Civ.R. 54(B) language.

{¶ 5}   The remaining two claims were then set for trial.  Preferring not to go forward on these remaining claims only, Leonard filed a dismissal without prejudice of these two claims, pursuant to Civ.R. 41(A)(1)(a), on September 4, 2013 in an attempt to terminate the action and bring an immediate appeal from the prior grants of summary judgment.

{¶ 6}   Leonard brings the following two assignments of error on appeal:

[I.] The trial court misapplied Revised Code Chapter 1109.69.

[II.] The trial court erred by rejecting and/or not permitting Appellant's argument regarding the Discovery Rule.

{¶ 7}   In addition to responding to the merits of Leonard's assignments of error, Huntington asserts that we must dismiss the appeal for lack of a final appealable order. This contention has merit and we dismiss the appeal for the following reasons.

{¶ 8}   Ohio appellate courts have jurisdiction to review only final, appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. If an order is not a final, appealable order, the appellate court lacks jurisdiction, and the appeal must be dismissed. *Prod. Credit Assn. v. Hedges,* 87 Ohio App.3d 207 (1993).  Appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky,* 10th Dist. No. 03AP-801, 2004-Ohio-1221.

{¶ 9}   R.C. 2505.02(B) defines a final order as follows:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 10} In addition to R.C. 2505.02, final, appealable orders must meet the requirements of Civ.R. 54(B), which provides that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus; *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5-7.

{¶ 11} An order that adjudicates fewer than all the claims or rights of all parties and does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B) is not a final, appealable order.

{¶ 12} Leonard in this case suffered two partial adverse summary judgment decisions by the trial court. Unwilling to go to trial solely on the remaining claims, Leonard attempted to create a final, appealable order by dismissing her two remaining claims without prejudice so that we could review on appeal the propriety of the trial court's grants of summary judgment. Pursuant to the Supreme Court of Ohio's decision in *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, a plaintiff cannot create a final, appealable order through a dismissal of some but not all claims

pursuant to Civ.R. 41(A)(1). The Supreme Court in *Pattison* held that dismissal of some, but not all, claims, without prejudice, in an attempt to render a matter immediately appealable is not possible pursuant to Civ.R. 41(A)(1): "we hold * * * that when a plaintiff has asserted multiple claims against one defendant, and some of those claims have been ruled upon but not converted into a final order through Civ.R. 54(B), the plaintiff may not create a final order by voluntarily dismissing pursuant to Civ.R. 41(A) the remaining claims against the same defendant." *Id.* at ¶ 1.

{¶ 13} The Supreme Court's ruling in *Pattison* is based upon the text of Civ.R. 41(A) as amended in 2001: "[A] plaintiff, without order of court, may dismiss *all claims* asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial." (Emphasis added.) Civ.R. 41(A)(1)(a). The Supreme Court noted that the 2001 amendments specifically added the term "all claims."

{¶ 14} The general objective of the Supreme Court's holding is based on considerations of judicial economy. "[W]ere Civ.R. 41(A) to be used to dismiss fewer than all of the claims against a certain defendant, a plaintiff could create a final and appealable order as to one issue under Civ.R. 41(A) while still saving the dismissed claim to be refiled later. To allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants. * * * When an individual claim against a defendant is dismissed without prejudice, * * * the defendant is forced to go through the appeal process and may perhaps still be subjected to the dismissed claim upon refiling." *Id.* at ¶ 20.

{¶ 15} The procedural history of the present case falls squarely under *Pattison*, and we must find that we do not have a final, appealable order in the case. The attempted partial dismissal without prejudice, pursuant to Civ.R. 41(A), was a nullity, and the action was not properly terminated in the trial court. We dismiss the appeal.

*Appeal dismissed.*

SADLER, P.J., and CONNOR, J., concur.

_____