[Cite as *Am. Cancer Soc., E. Cent. Div., Inc. v. Jones*, 2019-Ohio-1748.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AMERICAN CANCER SOCIETY, EAST CENTRAL DIVISION, INC., et al. | JUDGES: Hon. William B. Hoffman, P.J Hon. Patricia A. Delaney, J. Hon. Earle E. Wise, Jr., J. |
| Plaintiffs-Appellees | |
| -vs- | Case No. CT2018-0059 |
| ALLIE L. JONES | |
| Defendant-Appellant | O P I N IO N |
| and | |
| HUNTINGTON NATIONAL BANK TRUSTEE OF THE LILLIAN KECKLEY TRUST, et al. | |

CHARACTER OF PROCEEDINGS: Appeal from the Muskingum County
Court of Common Pleas, Probate
Division, Case No. 20128001-A

JUDGMENT: Dismissed

DATE OF JUDGMENT ENTRY: May 6, 2019

APPEARANCES:

For Plaintiffs-Appellees

STEVEN J. SHROCK
Critchfield, Critchfield
& Johnston, LTD.
138 East Jackson Street
Millersburg, Ohio 44654

For Defendant-Appellant

RAYMOND W. LEMBKE
Law Office of Raymond W. Lembke
602 Main street, Suite 703
Cincinnati, Ohio 45202-2541

*Hoffman, P.J.*

{¶1}   Appellant Allie L. Jones appeals the judgment entered by the Muskingum County Common Pleas Court overruling her Civ. R. 60(B) motion to vacate a default judgment entered against her.  Appellees are the American Cancer Society, East Central Division, Inc.; the American Heart Association, Inc.; and the Muskingum County Board of Mental Retardation and Developmental Disabilities.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On October 22, 1973, Lillian W. Keckley created a trust for the benefit of her granddaughter, Paula Long, and her issue, as well as her great-granddaughter, Theresa Jones.  A major portion of the trust was to be distributed when Paula turned sixty years of age on February 26, 2011. Thereafter, the trust was to be divided into four equal parts and distributed to Paula if she was still living, and if not, to her children, and also to Appellees. Trustee of the trust is Huntington National Bank.  Appellant is the great-granddaughter of Lillian Keckley, and has been receiving funds from the trust.

{¶3}   Shortly after Paula's sixtieth birthday on February 26, 2011, Huntington, as successor trustee, distributed $327,171.74 to Paula which represented one-fourth of the trust funds. Huntington did not distribute any further funds.

{¶4}   On February 3, 2012, Appellees filed a complaint against Huntington to terminate the trust and distribute the remaining funds as directed in the trust. Appellees also sued Huntington for breach of fiduciary duty and conversion, and sought damages for Huntington's refusal to terminate the trust. Appellees further challenged certain distributions made by Huntington prior to their request to terminate the trust and requested an accounting.

**{¶5}** On March 5, 2012, Huntington filed a motion to dismiss for failure to state a claim upon which relief could be granted. Huntington argued the doctrine of res judicata applied based upon an agreed entry of a 1998 declaratory judgment action, and further argued based upon the language of the trust, it had the discretion to continue the trust as long as it wished. By judgment entry filed May 1, 2012, the trial court found the parties were bound by the agreed entry of the 1998 declaratory judgment action. This Court reversed. *Am. Cancer Soc. E. Cen. Div. v. Huntington Natl. Bank*, 5th Dist. Muskingum No. CT2012-0033, 2012-Ohio-5448.

**{¶6}** Following remand, Huntington filed a motion to dismiss for failure to join necessary and indispensable parties, arguing Lillian Keckley's great-grandchildren, including Appellant, were necessary parties to this action. On March 20, 2015, the trial court ordered Appellees to join Appellant, Theresa Jones Allison, and Richard Dewey Jones as defendants within 30 days.

**{¶7}** Appellees filed an amended complaint on April 17, 2015, naming the great-grandchildren as defendants, as previously ordered by the court. The record demonstrates Appellant was served by certified mail on April 21, 2015, and the return receipt bears the signature "Allie Jones."

**{¶8}** Appellant and Richard Dewey Jones did not answer or appear in the action. Theresa Jones Allison filed an answer on June 17, 2015.

**{¶9}** Appellees moved for default judgment against Appellant and Richard Dewey Jones. The trial court entered default judgment, stating in pertinent part:

These Defendants were joined solely to give them an opportunity to take a position on Plaintiffs' Declaratory Judgment claim (Count I). This Entry of Default has no effect on whether the Defendants Allie L. Jones and Richard Dewey Jones are entitled to receive funds pursuant to the Trust which is the subject of his litigation. Granting Default Judgment against Allie L. Jones and Richard Dewey Jones simply acknowledges that they will not be heard [in] regard [to] Plaintiffs' Count I.

WHEREFORE, this Court finds as stated above and enters Default Judgment against Allie L. Jones and Richard Dewey Jones, precluding them from further participation in this matter.

**{¶10}** Judgment Entry, June 23, 2016.

**{¶11}** Appellant filed a motion for relief from the default judgment pursuant to Civ. R. 60(B) on May 8, 2017. Her motion alleged she was served with the complaint at her mother's residence, although Appellant does not reside there. She suffers from a number of mental disorders which prevent her from understanding the case, and she relies on her mother for direction. The motion alleged her mother was told there was no need to file an answer, as Huntington would protect Appellant's interest. She alleged she had a meritorious defense to present, as the illness which rendered her unable to present a defense is the same illness which entitles her to continue to receive trust funds. Her motion alleged she has been receiving money from the trust for more than twenty years, and believes her condition qualifies her for trust distributions for her lifetime. An affidavit from Appellant's mother was attached to the motion.

{¶12} The trial court held an evidentiary hearing.  Appellant did not appear at the hearing.  Her mother testified at the hearing.  The trial court found Appellant had authorized her mother to act as her agent on all matters related to the trust and the lawsuit, and her knowledge should be imputed to Appellant.  The trial court denied the motion for relief from judgment.

{¶13} It is from the August 27, 2018 judgment overruling her motion for relief from judgment Appellant prosecutes her appeal, assigning as error:

THE TRIAL COURT ERRED BY MAKING ITS AUGUST 27, 2018 ENTRY (DOCKET SHEET NO. 78) DENYING THE MOTION OF DEFENDANT-APPELLANT ALLIE L. JONES FOR RELIEF FROM THE DEFAULT JUDGMENT ENTERED AGAINST HER ON JUNE 3, 2016 (DOCKET SHEET NO. 45) WHICH, BY ITS TERMS, DID NOT DECIDE ANY ISSUE IN THIS CASE BUT ONLY BARRED MS. JONES FROM BEING HEARD REGARDING PLAINTIFFS' CLAIM FOR A DECLARATORY JUDGMENT THAT THE LILLIAN W. KECKLEY TRUST, UNDER WHICH MS. JONES RECEIVES BENEFITS, HAS BEEN TERMINATED.

{¶14} As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we do not have jurisdiction to review the matter and must dismiss the appeal. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶15} To be final and appealable, an order must comply with R.C. 2505.02(B), which provides, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶16} We begin our analysis by considering whether the June 23, 2016 default judgment entered against Appellant is a final, appealable order.

**{¶17}** When determining whether a judgment is final, we must engage in a two-step analysis. First, we must determine if the order is final within the requirements of R.C. 2505.02. If we find the order complies with R.C. 2505.02 and is in fact final, then we must take a second step to decide if Civ.R. 54(B) language is required. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266, 271 (1989).

**{¶18}** "A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." *Id.* at 22. Appellant argues the default judgment entered against her in the declaratory judgment action affected a substantial right in a special proceeding, and thus is a final order. We agree; however, we must next consider whether Civ. R. 54(B) language there is "no just cause for delay" was required. The entry does not include Civ. R. 54(B) language.

**{¶19}** Civ. R. 54(B) provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to

any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶20}** Civ. R. 54(A) expressly states "judgment" as used in the rule includes "any order from which an appeal lies as provided in section 2505.02 of the Revised Code." We have found an appeal lies from a default judgment pursuant to R.C. 2505.02; therefore, Civ. R. 54(B) applies. The default judgment does adjudicate the rights of fewer than all the parties to the declaratory judgment action because it determined Appellant and Richard Dewey Jones could no longer participate in the action, while the action remains pending as to defendants Huntington and Theresa Jones Allison. The default judgment does not contain Civ. R. 54(B) language, and therefore the underlying default judgment from which Appellant filed her Civ. R. 60(B) motion was not a final, appealable order.

**{¶21}** Ordinarily, a judgment overruling a Civ.R. 60(B) motion for relief from a default judgment is a final appealable order. *Colley v. Bazell*, 64 Ohio St.2d 243, 416 N.E.2d 605 (1980), paragraph one of the syllabus*; accord GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976) (stating that an order granting a Civ.R. 60(B) motion to set aside a default judgment is a final order). However, if the underlying judgment from which the Civ.R. 60(B) motion is filed is not final, the decision overruling the Civ. R. 60(B) motion is likewise not final. *Wolf v. Associated Materials,* 5th District Ashland No. 00COA01350, 2000 WL 1262540 (August 15, 2000), p. 2. Because the underlying default judgment which Appellant sought to vacate in the instant case was

not final, the judgment overruling Appellant's motion for relief from the judgment is not a final, appealable order, and we do not have jurisdiction over this appeal.

{¶22} The appeal is dismissed for lack of jurisdiction.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur