[Cite as *Tonti Homes Corp. v. Siculan*, 2022-Ohio-3067.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tonti Homes Corporation, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 22AP-162 |
| v. | : | (C.P.C. No. 20CV-8382) |
| Tom Siculan et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 1, 2022

**On brief:** *Cassone Law Offices, LLC, Michael J. Cassone*, and *Alex J. Castle*, for appellant. **Argued:** *Alex J. Castle* and *Michael J. Cassone*.

**On brief:** *Fitrakis & Gadell-Newton, LLC*, and *Constance A. Gadell-Newton*, for appellee Nancy Delgado. **Argued:** *Constance A. Gadell-Newton*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Tonti Homes Corporation, appeals a decision and entry entered by the Franklin County Court of Common Pleas filed February 14, 2022. In the February 14, 2022 decision and entry, the court addressed several pending motions, including the motion to dismiss of defendants-appellees William Perez Bernal and Jessica Perez Manrique ("defendants-Perezes"), and the March 24, 2021 motion for leave to amend of appellant. The court granted the defendants-Perezes' motion to dismiss in part as to the claims based on the creation of a blind trust between appellant and defendant Tom Siculan ("defendant Siculan") and denied appellant's motion for leave to amend the claims regarding the creation of a blind trust in the complaint. For the following reasons,

we dismiss this appeal due to lack of jurisdiction as the February 14, 2022 decision and entry is not a final, appealable order.

## I. Introduction

{¶ 2}  Appellant filed a complaint alleging claims against five defendants: Tom Siculan, Valmer Land Title Agency, Nancy Delgado, William Perez Bernal, and Jessica Perez Manrique.  Many of the claims were based on what appellant initially alleged to be a blind trust.  One of the claims was a claim for conversion against defendant Siculan.  As noted above, in the February 14, 2022 decision and entry, the court dismissed the claims based on the creation of a blind trust and denied appellant's motion to amend the complaint as to the same claims.

{¶ 3}  Appellant filed an appeal of the February 14, 2022 decision and entry. Appellant filed a merit brief alleging two assignments of error: (1) the trial court erred in granting the defendants-Perezes' motion to dismiss in part, and (2) the trial court erred in denying its motion to amend the claims regarding the creation of a blind trust.

{¶ 4}  Only one of the defendants, Nancy Delgado ("appellee-Delgado"), filed a brief in response to appellant's merit brief.  In its February 14, 2022 decision and entry, the court also addressed a motion for a more definite statement which appellee-Delgado filed as well as a motion for a more definite statement which the defendants-Perezes had filed.  The court ruled that its granting of the defendants-Perezes' motion to dismiss in part as to the claims based on the creation of a blind trust "renders moot the *defendants' motions* for a more definite statement."  (Emphasis added.) (Decision at 5.)

{¶ 5}  Appellee-Delgado did not file a motion to dismiss.  Nevertheless, considering the trial court's use of the plural "defendants'  motions" in rendering moot the motions for more definite statement as well as its analysis related to the nature of the claims based on the creation of a blind trust rather than the defendant against whom the claims were made, we construe the trial court's dismissal in part as dismissing the claims based on the creation of a blind trust alleged against the defendants-Perezes and appellee-Delgado.  Appellant apparently construes the trial court's dismissal the same in that appellant's brief states:

> In its Decision and Entry, the Trial Court dismissed all claims save the single claim for Conversion as Against Defendant-Appellee Siculan. * * * In doing so, Plaintiff-Appellant was left only with the ability to recover money damages from Defendant-Appellee Siculan for its claim of Conversion. All

other claims allowing Plaintiff-Appellant to recover any damages or relief have been thwarted by the Trial Court's dismissal of all other parties except for Defendant-Appellee Siculan.

(Appellant's Brief at 5-6.)

## II. Jurisdiction of the Court of Appeals

{¶ 6} Appellee-Delgado argues in her brief that the February 14, 2022 entry is not a final, appealable order. Appellant, in its merit brief, argues that the dismissal in part was final and appealable because it was with prejudice,[1] barred by res judicata, and the dismissed claims could not be pled in any other way.[2] We agree with appellee-Delgado that the February 14, 2022 decision and entry is not a final, appealable order.

{¶ 7} Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), a reviewing court is conferred jurisdiction to review final, appealable orders from lower courts of their districts. Final, appealable orders are those that " 'dispos[e] of the whole case or some separate and distinct branch thereof.' " *McCracken v. Lee*, 10th Dist. No. 19AP-236, 2020-Ohio-3125, ¶ 10, quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. No. 18AP-843, 2019-Ohio-3557, ¶ 10. R.C. 2505.02(B) defines a final order, in relevant part, as:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

---

[1] We note the February 14, 2022 decision and entry does not state that the dismissal in part was with prejudice. Nevertheless, the decision and entry states that the dismissal was pursuant to Civ.R. 12(B)(6). This court has found that a dismissal of a complaint pursuant to a Civ.R. 12(B)(6) motion is a determination upon the merits of that complaint and therefore, even though the dismissal did not indicate whether the dismissal was with or without prejudice, it was considered to be an adjudication on the merits pursuant to Civ.R. 41(B)(3) and therefore prejudice and res judicata applied to bar the subsequent action. *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 7, 10. However, it is important to note that the decision and entry did not dismiss the complaint in its entirety, but rather only in part. Therefore, we look to Civ.R. 54(B).

[2] In support, appellant points us to *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, ¶ 15. However, our review of the case reveals that the dismissal in *Arcadia Acres* was of the entire complaint, whereas the dismissal in the case before us was of the complaint in part. Furthermore, there is no discussion of Civ.R. 54(B) in *Arcadia Acres*, whereas Civ.R. 54(B) controls in the case before us. Therefore, we do not find *Arcadia Acres* to be dispositive or persuasive.

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]

**{¶ 8}** Appellant argues the February 14, 2022 decision and entry is an order that affects a substantial right and, in effect, determines the action and prevents the judgment. Assuming arguendo the February 14, 2022 decision and entry meets this criteria, it is still necessary for us to consider Civ.R. 54(B) as one claim and one party have not been dismissed: the conversion claim against defendant Siculan.

**{¶ 9}** Civ.R. 54 states:

**(B) Judgment upon multiple claims or involving multiple parties**. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶ 10}** When the trial court's order adjudicates less than all of the claims or rights of all the parties, and it does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), it is not a final, appealable order. *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. No. 13AP-843, 2014-Ohio-2421, ¶ 11. If a trial court's order is not final and appealable, then a reviewing court does not have jurisdiction to consider the case and it must be dismissed. *State v. Harvey*, 10th Dist. No. 19AP-165, 2019-Ohio-4022, ¶ 8, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

**{¶ 11}** In addition, we also note this court has stated that "[g]enerally, a decision denying leave to file an amended complaint is not a final, appealable order." *Ohio Farmers Ins. Co. v. Bd. of Cty. Commrs.*, 10th Dist. No. 10AP-164, 2011-Ohio-2942, ¶ 19, citing *Siemaszko v. FirstEnergy Operating Co.*, 187 Ohio App.3d 437, 2010-Ohio-2121, ¶ 9 (6th

Dist.). This general principle can change, however, when Civ.R. 54(B) language is included. *Id.*

{¶ 12} In the present case, even if we were to consider that the trial court's February 14, 2022 decision and entry meets the requirements of R.C. 2505.02, we could not find the decision and entry is a final, appealable order pursuant to Civ.R. 54(B). While the decision and entry dismissed appellant's claims based on the creation of a blind trust, the trial court granted appellant's motion to amend the conversion claim against defendant Siculan. Our review of the record indicates that appellant did indeed file an amended complaint on February 27, 2022. Moreover, the trial court's decision and entry does not contain language, pursuant to Civ.R. 54(B), that "there is no just reason for delay" of the appeal. Because the trial court's February 14, 2022 decision and entry granting partial dismissal of appellant's case and denying appellant's motion to amend the claims based on the creation of a blind trust was not a final, appealable order, we lack jurisdiction to review appellant's assignments of error.

## III. Conclusion

{¶ 13} Based on the foregoing, we find the order from which appellant seeks to appeal is not a final, appealable order. Therefore, we must dismiss this appeal for lack of jurisdiction.

*Appeal dismissed.*

KLATT and MENTEL, JJ., concur.

———————————