[Cite as *Mangan v. Morocho & Garcia Constr., L.L.C.*, 2023-Ohio-1452.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Patrick Mangan, Administrator : 
of the Estate of Luis Alfonso 
Pillcorema Yadaicela, deceased, :

                            No. 22AP-545

          Plaintiff-Appellee, : (C.P.C. No. 19CV-2700)

v. : (REGULAR CALENDAR)

Morocho and Garcia Construction : 
L.L.C. et al.,
                          :

          Defendants-Appellants. :

                          :

D E C I S I O N

Rendered on May 2, 2023

**On brief:** *Malek & Malek*, *LLC*, and *Jim Malek*, for appellee.
**Argued:** *Jim Malek*.

**On brief:** *Alvaro G. Velez*, for appellants. **Argued:** *Alvaro G. Velez*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant,[1] Jose Remigio Morocho, appeals from a judgment of the Franklin County Court of Common Pleas awarding damages, pursuant to a default judgment entry, to plaintiff-appellee, Patrick Mangan, administrator of the estate of Luis Alfonso Pillcorema Yadaicela (the "Administrator"), on claims for wrongful death and survivorship. For the following reasons, we dismiss the appeal due to lack of jurisdiction because the judgment from which this appeal was taken is not a final, appealable order.

---

[1] We note the notice of appeal was filed on behalf of Morocho and Garcia Construction, L.L.C., and Jose Remigio Morocho. As explained in this opinion, however, judgment was only entered against Morocho, not against the company, and the brief and reply brief filed on appeal only refer to Morocho as appellant.

## I. Facts and Procedural History

{¶ 2} Luis Alfonso Pillcorema Yadaicela ("Pillcorema") was working at a residential home construction site in Galena, Ohio, on March 30, 2017, when he was struck by a falling steel I-beam and killed. At the time of his death, Pillcorema was working for Morocho and Garcia Construction, L.L.C. ("M&G Construction"). Dotson Builders, L.L.C. ("Dotson") was the framing subcontractor on the construction project and had contracted with M&G Construction to perform the framing. Morocho was the co-owner of M&G Construction.

{¶ 3} The Administrator filed a complaint against Dotson, M&G Construction, and Morocho on behalf of Pillcorema's estate.[2] The complaint asserted claims for negligence and workplace intentional tort against M&G Construction and Morocho, negligence and breach of the duty imposed by R.C. 4101.11 against Dotson, survivorship, and wrongful death.

{¶ 4} Dotson filed an answer to the complaint and cross-claims against M&G Construction and Morocho for indemnification and contribution. Dotson subsequently moved for summary judgment on the Administrator's claims against it, asserting there were no genuine issues of material fact and it was entitled to judgment as a matter of law. The trial court granted summary judgment in Dotson's favor on the Administrator's claims against it and dismissed Dotson from the action.

{¶ 5} On April 26, 2022, the Administrator moved for default judgment against Morocho, asserting he had been served by certified mail and failed to answer or otherwise appear in the action. Morocho did not file a response to the motion for default judgment. The trial court granted the Administrator's motion for default judgment against Morocho on June 16, 2022 and ordered a hearing on the issue of damages. A magistrate of the trial court conducted the damages hearing and issued a decision awarding $7,448 for funeral expenses, $250,000 on the survivorship claim, $1,000,000 to Pillcorema's spouse on the wrongful death claim, and $200,000 each to Pillcorema's four children on the wrongful death claim, for a total damage award of $2,057,448. On August 10, 2022, the trial court

---

[2] The Administrator initially filed suit against M&G Construction, Morocho, Dotson, and other entities in March 2019, in Franklin C.P. No. 19CV-2700. The Administrator voluntarily dismissed that suit without prejudice pursuant to Civ.R. 41(A)(1) in September 2020. The present appeal arises from a re-filed complaint that was filed in September 2021.

issued a final entry adopting the magistrate's decision, granting judgment against Morocho for $2,057,448, plus court costs and statutory interest.

## II. Assignments of Error

{¶ 6} Morocho appeals and assigns the following three assignments of error for our review:

> I. The Trial Court does not have jurisdiction because the process Service of the summons and the complaint is defective.
>
> II. The Trial Court erred by awarding $2,057,448 as a default Judgment because it is excessive.
>
> III. The Trial Court erred by adopting the Magistrate's damage Award because the Magistrate's finding of fact-- as a basis to award damages -- is [] erroneous.

## III. Analysis

{¶ 7} We begin by considering whether we have subject-matter jurisdiction over this appeal. "Because a court is powerless to hear a case without subject-matter jurisdiction, a court may sua sponte raise the issue of subject-matter jurisdiction and may dismiss the case if it finds that it lacks subject-matter jurisdiction over [the case]." *Pointer v. Smith*, 10th Dist. No. 20AP-555, 2021-Ohio-2247, ¶ 8.

{¶ 8} Courts of appeals have jurisdiction to review final orders of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). "A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, ¶ 6. R.C. 2505.02(B) sets forth the types of orders that constitute final orders. *Id.* Civ.R. 54(B) provides that where there are multiple claims or multiple parties, the trial court may enter final judgment as to one or more but fewer than all claims or parties on an express determination that there is no just reason for delay. *Id.* When a trial court's order adjudicates less than all the claims or rights of all the parties and does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), it is not a final, appealable order. *Tonti Homes Corp. v. Siculan*, 10th Dist. No. 22AP-162, 2022-Ohio-3067, ¶ 10.

{¶ 9} On appeal, we apply a two-step analysis to determine whether an order is final and appealable. First, we determine if the trial court's order is final within the requirements of R.C. 2505.02. Second, we determine whether Civ.R. 54(B) applies and, if so, whether the order contains a determination that there is no just reason for delay. *Id.*

{¶ 10} We note the trial court's August 10, 2022 judgment declared it "terminates the case and is a final [a]ppealable order." (Aug. 10, 2022 Entry.) However, "[a] trial court's labeling of an entry as a 'final appealable order' is not dispositive of the issue." *Tassone v. Tassone*, 10th Dist. No. 18AP-475, 2019-Ohio-683, ¶ 7, citing *In re Murray*, 52 Ohio St.3d 155, 157 (1990).

{¶ 11} Under R.C. 2505.02(B)(1), an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." In this case, the August 10, 2022 judgment awarded damages against Morocho pursuant to the prior default judgment entry; therefore, it is a final order for purposes of R.C. 2505.02. *See G&E HC Reit II Parkway Med. Ctr., L.L.C. v. Drs. Ford & Soud, Inc.*, 8th Dist. No. 107172, 2019-Ohio-791, ¶ 16 ("When a trial court's default judgment determines the amount of damages, it affects a substantial right and, therefore, satisfies R.C. 2505.02(B)(1) and constitutes a final appealable order."); *Columbus, Div. of Income Tax v. Kahrl*, 10th Dist. No. 95APG09-1204, (Mar. 12, 1996) ("Although default judgments as to liability only are not final appealable orders in the absence of Civ.R. 54(B) language, the default judgment here was a final appealable order. The trial court's judgment held appellants liable for the amount requested in the complaint."). However, our analysis does not stop there because the case involved multiple parties. Dotson was dismissed from the case after the trial court granted summary judgment in its favor, but the Administrator's claims against both Morocho and M&G Construction remained.

{¶ 12} The June 16, 2022 default judgment entry only granted default judgment against Morocho; likewise, the August 10, 2022 judgment only awarded damages against Morocho. The trial court did not enter judgment on the Administrator's claims against M&G Construction. Although the Administrator's claims against M&G Construction had not been resolved or dismissed, the August 10, 2022 judgment did not contain an express determination that there was no just reason for delay. Because the case involved multiple

claims against multiple parties and did not contain Civ.R. 54(B) language, the August 10, 2022 judgment is not a final, appealable order. *See, e.g., Am. Cancer Soc. E. Cent. Div., Inc. v. Jones*, 5th Dist. No. CT2018-0059, 2019-Ohio-1748, ¶ 20 ("The default judgment does adjudicate the rights of fewer than all the parties to the declaratory judgment action because it determined [Allie L. Jones] and Richard Dewey Jones could no longer participate in the action, while the action remains pending as to defendants Huntington and Theresa Jones Allison. The default judgment does not contain Civ.R. 54(B) language, and therefore the underlying default judgment from which [Allie L. Jones] filed her Civ.R. 60(B) motion was not a final, appealable order."); *Schelich v. Theatre Effects, Inc.*, 111 Ohio App.3d 271, 273 (3d Dist.1996), fn. 1 ("Even if the amount of damages was included in this judgment entry, the entry would not be final and appealable unless it met the requirements of Civ.R. 54(B) as there is more than one defendant in the present case."). *Compare Gasper v. Bank of Am., N.A.*, 9th Dist. No. 17CA0091-M, 2019-Ohio-1150, ¶ 9 ("Ms. Gasper moved for and the trial court granted default judgment and awarded damages against both defendants on both claims, thereby rendering the default judgment a final, appealable order and subject to a future motion to vacate.").

{¶ 13} Accordingly, due to the lack of a final, appealable order, this court lacks jurisdiction over the present appeal and it must be dismissed.[3]

## IV. Conclusion

{¶ 14} For the foregoing reasons, we conclude that the August 10, 2022 judgment is not a final, appealable order, and we dismiss the appeal for lack of jurisdiction.

*Appeal dismissed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

_____

---

[3] At oral argument, Morocho's counsel moved to strike the Administrator's brief on appeal, asserting it was untimely filed without a showing of good cause. Because we lack jurisdiction over this appeal, we need not rule on Morocho's motion.