[Cite as *Underwood v. McGee*, 2026-Ohio-1825.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Karen Underwood et al., | : | |
| Plaintiffs-Appellants, | : | No. 25AP-691 |
| | | (C.P.C. No. 21CV-1216) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Terri McGee et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Mokhtari Law Firm*, *LLC*, and *Al A. Mokhtari*, for appellants. **Argued:** *Al A. Moktari.*

**On brief:** *Weyls Peters + Chuparkoff*, *LLC*, and *Joseph P. Dunson*, for appellees. **Argued:** *Joseph P. Dunson.*

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiffs-appellants, Karen and Dean Underwood (collectively "appellants"), appeal from a decision and entry of the Franklin County Court of Common Pleas, denying their motion for summary judgment, and granting the motions for summary judgment and for attorney fees and expenses of defendants-appellees, Henderson and Weatherly Co., LPA, and Brandon Henderson (collectively "appellees"). Because we lack subject-matter jurisdiction over this appeal, we dismiss it.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 26, 2021, appellants filed a complaint against defendants, Terri McGee, State Farm Mutual Automobile Insurance Company ("State Farm"), Mount Carmel East, Central Ohio Primary Care Cherry Westgate ("Central Ohio"), Orthopedic One, Aetna,

The Rawlings Company, L.L.C. ("Rawlings"), and John Does One through Five. The complaint sought damages due to a traffic crash that resulted in significant injuries to Mrs. Underwood. The causes of action asserted by appellants included negligence, negligence *per se*, recklessness, uninsured/underinsured motorist coverage, medical payment coverage, breach of contract, declaratory judgment, necessary parties, loss of consortium, and other losses. At the time of the filing of the complaint, appellants were represented by the law firm formerly known as Henderson Mokhtari & Weatherly Co., LPA.

{¶ 3} Defendant, Central Ohio, filed an answer to the complaint. However, on April 12, 2021, appellants voluntarily dismissed, without prejudice, their claims against Central Ohio. Appellants also voluntarily dismissed, without prejudice, their claims against Aetna and Rawlings.

{¶ 4} On May 5, 2021, attorney James Smolinski entered his appearance as co-counsel on behalf of appellants.

{¶ 5} Defendant, State Farm, subsequently answered the complaint, adding a cross-claim against McGee.

{¶ 6} McGee answered appellants' complaint, as well as the cross-claim filed by State Farm. On January 21, 2022, appellants voluntarily dismissed, with prejudice, their claims against McGee.

{¶ 7} On September 12, 2023, attorney Al A. Mokhtari, of the Mokhtari Law Firm, LLC, filed a notice of substitution of counsel on behalf of appellants, replacing Henderson & Weatherly Co., LPA (formerly Henderson Mokhtari & Weatherly Co., LPA).

{¶ 8} Appellants subsequently voluntarily dismissed, without prejudice, their claims against Mount Carmel East and Orthopedic One.

{¶ 9} On October 26, 2023, appellants, now represented by attorney Mokhtari, filed an amended complaint against defendants McGee, State Farm, Aetna, Rawlings, Cigna, Conduent Payment Integrity Solutions ("Conduent"), John Does One through Four, appellees, and attorney James Smolinski. This amended complaint contained, for the most part, the same allegations and causes of action as the initial complaint. However, under the third cause of action, appellants sought a declaration that defendants State Farm, Aetna, Rawlings, Cigna, Conduent, and John Doe No. 4 "have waived and forfeited any subrogation, collections, reimbursement, lien and other claims with respect to [appellants] and [the] crash, if [d]efendants have not affirmatively asserted and protected any such

claims[.]" (Oct. 26, 2023 Am. Compl. at 7.) Under the fifth cause of action, appellants sought a declaration that appellees and attorney Smolinski "waived and forfeited all charging quantum meruit, attorney and other lien claims they may have had with respect to [appellants] and [the] crash . . . " *Id.*

{¶ 10} On October 26, 2023, appellants filed a motion to enforce a settlement agreement reached in this matter. In their motion, appellants alleged that appellees and attorney Smolinski sent letters to attorney Mokhtari, and/or the relevant insurance company, claiming a charging, quantum meruit, and/or attorney lien. Appellants further claimed that appellees instructed attorney Mokhtari, and/or the insurance company, to withhold certain funds from the settlement. Appellants argued that until a settlement was paid, there could be no such lien. The trial court subsequently denied appellants' motion.

{¶ 11} Cigna/Conduent answered appellants' amended complaint in March 2025. That answer included a counterclaim against appellants and a cross-claim against McGee and John Doe No. 1. Appellees also answered the amended complaint.

{¶ 12} State Farm answered the amended complaint in April 2024. Appellants filed a reply to State Farm's answer.

{¶ 13} McGee and attorney Smolinski were voluntarily dismissed from the case.

{¶ 14} On May 1, 2024, the trial court issued an agreed-upon entry. It ordered State Farm to deposit $200,000.00 in settlement funds with the clerk of court, after which State Farm would be *sua sponte* dismissed from the case. Appellees were ordered to deposit with the clerk of court the remaining settlement proceeds previously received from Progressive Insurance. A lien was asserted on the settlement funds on behalf of Cigna in the amount of $50,298.92 for the advanced payment of health care for the benefit of appellants, as well as an undetermined amount of attorney fees. Additionally, a lien was asserted on behalf of appellees in the amount of $2,276.33 for case expenses and $83,325.00 for attorney fees. In consideration of the foregoing, the clerk of court was ordered to issue appellants a check for $64,099.75. The remaining funds would stay with the clerk of court pending further order of the trial court.

{¶ 15} On June 6, 2024, appellees filed a motion for summary judgment and a motion for attorney fees and expenses. Appellants filed a motion for summary judgment against appellees.

{¶ 16} On June 7, 2024, appellants filed a motion for summary judgment against Cigna/Conduent. On that day, Cigna/Conduent filed a motion for summary judgment against appellants.

{¶ 17} All parties exchanged various responses to their respective motions for summary judgment.

{¶ 18} In a decision and entry dated August 27, 2025, the trial court granted appellees' motion for summary judgment, granted appellees' motion for attorney fees and expenses, and denied appellants' motion for summary judgment as it pertained to appellees. The trial court also ordered the disbursal to appellees of $68,942.99 for attorney fees.

{¶ 19} It is from that decision that appellants now appeal. It should be noted that the competing motions for summary judgment filed between appellants and Cigna/Conduent were still pending at the time appellants filed their notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 20} Appellants assign the following as trial court errors:

[1.] THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT[.]

[2.] THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AND ISSUING AN ORDER TO DISBURSE FUNDS TO APPELLEE[.]

## III. LEGAL ANALYSIS

{¶ 21} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals only "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" R.C. 2505.03(A) restricts the jurisdiction of courts of appeals to the review of final orders, judgments, or decrees. *Flynn v. Fairview Village Retirement Community, Ltd.*, 2012-Ohio-2582, ¶ 5. Thus, if an appealed judgment is not a final order, judgment, or decree, a court of appeals lacks jurisdiction to review it. *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21.

{¶ 22} Although neither party has questioned our jurisdiction over this appeal, our review of the record reveals that competing motions for summary judgment remain

pending between appellants and Cigna/Conduent. This has prompted this court to consider whether appellants appealed a final, appealable order. Even where the parties do not raise the question of jurisdiction, when a court of appeals suspects the appealed judgment is not a final, appealable order, it must *sua sponte* consider whether it possesses the jurisdiction necessary to hear the appeal. *Leonard v. Huntington Bancshares, Inc.*, 2014-Ohio-2421, ¶ 8 (10th Dist.).

{¶ 23} Relevant to our inquiry are R.C. 2505.02(B) and Civ.R. 54(B), which must be read in conjunction. *Denham v. New Carlisle*, 1999-Ohio-128, ¶ 5. R.C. 2505.02(B) contains a list of final orders, which includes "(1) [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 24} Meanwhile, Civ.R. 54(B) states as follows:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 25} "When the trial court's order adjudicates less than all of the claims or rights of all the parties, and it does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), it is not a final, appealable order." *Tonti Homes Corp. v. Siculan*, 2022-Ohio-3067, ¶ 10 (10th Dist.). Here, the decision and entry being appealed did not resolve the claims between appellants and Cigna/Conduent. Thus, in order to be a final, appealable order, the trial court's decision had to meet the requirements of both R.C. 2505.02 and Civ.R. 54(B).

{¶ 26} Regarding R.C. 2505.02, in order for the decision and entry to be a final, appealable order, it had to affect a substantial right of appellants. In *Epic Properties v. OSU LaBamba, Inc.*, 2007-Ohio-5021, ¶ 16 (10th Dist.), the trial court conducted a trial on the sole issue of lease interpretation. It rendered a decision, and plaintiff filed a motion for a new trial. *Id*. at ¶ 7. The trial court denied that motion. *Id*. at ¶ 8. Plaintiff appealed both the trial decision, and the decision on the motion for a new trial. *Id*. at ¶ 9. In finding that neither decision affected a substantial right, we noted that the parties' claims were not fully adjudicated because the trial court still needed to determine damages. *Id*. at ¶ 16. We found that an immediate appeal was unnecessary because plaintiff could file another appeal after the claims were completely resolved. *Id*. at ¶ 14. Thus, plaintiff still had an available opportunity to obtain relief. *Id*.

{¶ 27} Similarly, in this matter, there are still unresolved claims between appellants and Cigna/Conduent. Although, unlike in *Epic Properties*, Cigna/Conduent are not parties to this appeal, they are still parties to the underlying litigation, and that litigation is not completely resolved. In short, an immediate appeal is unnecessary in this matter. Appellants will still have the opportunity to obtain their desired relief. "Interlocutory orders . . . are merged into the final judgment; thus, an appeal from the final judgment includes all interlocutory orders merged with it." *Shaffer v. OhioHealth Corp.*, 2004-Ohio-6523, ¶ 12 (10th Dist.). Upon the trial court's final resolution of all the claims and/or rights of all the parties, appellants may appeal the trial court's judgment on the motions for summary judgment filed between appellants and appellees. *See also Burt v. Harris*, 2004-Ohio-756, ¶ 12 (10th Dist.) (in a declaratory judgment action brought against multiple insurance companies, summary judgment against one of the insurers did not affect a substantial right).

{¶ 28} Moreover, even if we were to hold that somehow the trial court's decision satisfied R.C. 2505.02, we would still be required to dismiss this appeal because the decision does not satisfy Civ.R. 54(B). Again, the record is clear that the trial court's decision on appellants' and appellees' competing motions for summary judgment was a final judgment as to fewer than all of the claims and parties. Thus, in order to be a final, appealable order, the decision needed language that there was "no just reason for delay." Civ.R. 54(B). The decision and entry appealed in this matter does not include that language.

Thus, even if the decision affected appellants' substantial rights, it is still not a final, appealable order. *Tonti*, 2022-Ohio-3067, at ¶ 12 (10th Dist.).

{¶ **29**}  Because the trial court's decision was not a final, appealable order, we lack subject-matter jurisdiction over it.

## IV. CONCLUSION

{¶ **30**}  In the absence of a final, appealable order, we lack subject-matter jurisdiction to hear this appeal.  Accordingly, we dismiss it.

*Appeal dismissed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

————————————