[Cite as *In re the Estate of Von Endt*, 2014-Ohio-1749.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the matter of the Estate of<br>Laurie Von Endt, | : | |
| | : | |
| [Karen G. Thimmes, Administrator, | : | No. 13AP-956 |
| | : | (P.C. No. 554163) |
| Appellant, | | |
| | : | (REGULAR CALENDAR) |
| Thomas Taneff, | : | |
| Appellee]. | : | |
| | : | |

D E C I S I O N

Rendered on April 24, 2014

*Karen G. Thimmes*, pro se.

*Thomas Taneff*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

LUPER SCHUSTER, J.

{¶ 1} Appellant, Karen G. Thimmes, appeals from a Franklin County Court of Common Pleas, Probate Division order that approved the application of appellee, Thomas Taneff, for attorney fees and expenses in the amount of $11,067.47. We sua sponte dismiss the appeal due to a lack of a final appealable order.

{¶ 2} Appellant is the administrator of the estate of Laurie Von Endt. Appellant signed an engagement letter hiring appellee, an attorney, to aid in the administration of the estate. On July 9, 2013, appellee filed a Report of Newly Discovered Assets, the Fiduciary's First and Final Account, and an Application for Attorney Fees. Pursuant to Civ.R. 53(D), the trial court referred the matter to a magistrate who conducted a hearing on August 28, 2013.

{¶ 3} During the hearing, appellant and appellee agreed that appellee would no longer be counsel for the estate. Appellant and appellee also agreed that the Report of Newly Discovered Assets filed on July 9, 2013 is accurate and that those assets were part of the estate. The magistrate continued the hearing on the Fiduciary's First and Final Account, also filed on July 9, 2013. Finally, the magistrate heard evidence on the application for fees.

{¶ 4} The evidence at the hearing demonstrated that appellee provided legal services to the estate and that appellee billed the estate pursuant to the engagement letter. The magistrate recommended allowing $11,067.47 and disallowing $132.50 in fees and costs. Appellant timely objected to the magistrate's decision. In an October 11, 2013 judgment entry, the trial court overruled appellant's objections and adopted the magistrate's recommendations. This appeal followed.

{¶ 5} Appellant assigns the following errors:

[1.] The trial court abused its discretion and erred by adopting a flawed magistrate's decision.

[2.] The trial court abused its discretion when it failed to recuse itself when its ability to be impartial was questionable.

[3.] The trial court abused its discretion and erred in not finding lack of a valid, lawful contract, and lack of informed consent.

{¶ 6} Before we can reach the merits of the assignments of error presented, we must address whether appellant has appealed from a final appealable order. Although the parties have not raised the issue of whether the October 11, 2013 judgment is a final appealable order, an appellate court may raise that jurisdictional question sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 7} Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts. Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lantsberry v. The Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971). A trial court

order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶ 8} R.C. 2505.02 defines a final order and provides, in pertinent part:

(A) As used in this section:

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.**

{¶ 9} Civ.R. 54(B) provides as follows:

**When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.**

{¶ 10} If a trial court enters judgment on some but not all of the claims in a multi-claim action, in the absence of express Civ.R. 54(B) language, an appellate court may not review the judgment. *Moore v. Gross*, 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 12. When appellant filed this appeal, the magistrate had not ruled on the Fiduciary's First and Final Account of the Von Endt estate and all claims of all the parties had not yet been adjudicated. Because the trial court judgment entry does not contain a certification by the trial court that there is no just reason for delay as required by Civ.R. 54(B), the order is not a final appealable order and this court may not review it. We need not consider whether the judgment entry before us is a final order under R.C. 2505.02 because the lack of Civ.R. 54(B) language is dispositive. *Id.* at ¶ 13.

{¶ 11} Having found the lack of a final appealable order, the court is without jurisdiction to consider the appeal. Accordingly, we sua sponte dismiss this appeal.

*Appeal dismissed.*

SADLER, P.J., and CONNOR, J., concur.

———————————