[Cite as *Peppers v. Thornton*, 2016-Ohio-8265.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Samuel A. Peppers, III, Administrator,   :
Estate of Allomaine Bennett,

   :

       Plaintiff-Appellee,   :      No. 15AP-929
                             (Prob. No. 562024B)

   :

v.

   :      (REGULAR CALENDAR)

Charles A. Scott, Sr. et al.,

   :

       Defendants-Appellees,

   :

Sharon D. Thornton et al.,

   :

       Defendants-Appellants.

   :

D E C I S I O N

Rendered on December 20, 2016

**On brief**: *Dinsmore & Shohl, LLP, Martha Van Hoy Asseff,* and *Pamela W. Bridgeport,* for appellee Samuel A. Peppers. **Argued**: *Martha Van Hoy Asseff.*

**On brief**: *Collins & Slagle Co., LPA,* and *Ehren W. Slagle,* and *Allison K. Tracey,* for appellee Charles A. Scott, Sr. **Argued**: *Ehren W. Slagle.*

**On brief**: *Ben Espy Co., LLC,* and *Ben E. Espy,* for appellants. **Argued**: *Ben E. Espy.*

APPEAL from the Franklin County Court of Common Pleas, Probate Division

BROWN, J.

{¶ 1} Sharon D. Thornton and Ralph E. Scott, defendants-appellants, appeal from the judgment of the Franklin County Court of Common Pleas, Probate Division, in which

the court denied their objections to a magistrate's decision that granted partial summary judgment to Samuel A. Peppers, III ("Peppers"), administrator of the Estate of Allomaine Bennett ("decedent"), plaintiff-appellee.

{¶ 2} Thornton is decedent's niece, and Ralph Scott is decedent's nephew. In May 1998, decedent purchased a Great American annuity ("Annuity #1"), with Rev. George Scott, her brother, as beneficiary and no contingent beneficiary. In February 2002, decedent purchased a Great American annuity ("Annuity #2"), with Rev. George Scott as beneficiary and no contingent beneficiary. In July 2005, decedent purchased a New York Life annuity ("Annuity #3"), with George Robert Scott (a.k.a. Rev. George Scott) as primary beneficiary and her nephew, Charles A. Scott, Sr., defendant-appellee, as contingent beneficiary.

{¶ 3} On February 15, 2006, Rev. George Scott died.

{¶ 4} On June 18, 2009, decedent executed two general powers of attorney ("POA"), naming Thornton as her agent in one and Ralph Scott as her agent in the other.

{¶ 5} On July 18, 2012, allegedly with decedent's authorization, Thornton changed the beneficiaries on all three annuities. With regard to Annuity #1, Thornton changed the primary beneficiary to Ralph Scott and the contingent beneficiary to herself. With regard to Annuity #2, Thornton changed the primary beneficiary to Ralph Scott and the continent beneficiary to herself. With regard to Annuity #3, Thornton changed the beneficiaries to Ralph Scott, herself, and Craig Payne (actually referring to her nephew Gregory Payne), with each designated to receive a 33-1/3 percent share.

{¶ 6} On December 6, 2012, decedent died a widow with no lineal descendants. Thornton, Ralph Scott, Charles Scott, and Gregory Payne are all heirs to decedent's probate estate along with 26 other heirs.

{¶ 7} On June 5, 2014, Peppers brought an action for declaratory judgment in the Probate Court, seeking a determination of two issues: (1) whether the annuities were assets of the estate, and (2) whether certain funds withdrawn by Thornton and Ralph Scott from a bank account owned by decedent were assets of the estate. On July 10, 2014, Charles Scott filed a cross-claim and counterclaim for declaratory judgment, seeking a determination regarding the rights and obligations regarding the annuities. Charles Scott also filed cross-claims for intentional interference with expectancy of inheritance and civil conspiracy.

{¶ 8} On November 13, 2014, Peppers filed a motion for partial summary judgment relating only to the claims concerning ownership of the three annuities. On November 25, 2014, Charles Scott also filed a motion for partial summary judgment by incorporation of Peppers' motion for partial summary judgment, asking the court to name him as beneficiary of Annuity #3.

{¶ 9} On May 22, 2015, the magistrate issued a decision granting partial summary judgment to Peppers, finding that the changes in beneficiaries to the annuities requested by Thornton were not valid, and the annuities were part of the estate. Appellants filed objections to the magistrate's decision. Charles Scott also filed an objection, asserting that the magistrate's decision failed to recognize that he should be the beneficiary of Annuity #3. On September 11, 2015, the trial court adopted the magistrate's decision in part and reversed in part. The court found that Thornton was without authority to change the beneficiary designations on the three annuities and committed acts of self-dealing, the assets of Annuity #1 and #2 were assets of the estate, and the assets of Annuity #3 were the property of Charles Scott as beneficiary. The court included the following language: "finding no just reason for delay, this entry shall constitute a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B)." Appellants appeal the trial court's decision, asserting the following assignments of error:

> I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE SAMUEL A. PEPPERS, ADMINISTRATOR OF THE ESTATE OF ALLOMAINE BENNETT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE 2012 CHANGES TO THE BENEFICIARY DESIGNATIONS WERE VALID.
>
> II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE SAMUEL A. PEPPERS, ADMINISTRATOR OF THE ESTATE OF ALLOMAINE BENNETT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE BENEFICIARY CHANGES DID NOT CONSTITUTE UNLAWFUL SELF-DEALING.

{¶ 10} Before addressing appellants' assignments of error, we must address whether the trial court's decision was a final, appealable order. Both parties have asserted the trial court's decision was not a final, appealable order. Article IV, Section 3(B)(2), Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. " 'A

final order * * * is one disposing of the whole case or some separate and distinct branch thereof.' " *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). An appellate court must dismiss an appeal taken from an order that is not final and appealable. *Farmers Mkt. Drive-In Shopping Ctrs., Inc. v. Magana*, 10th Dist. No. 06AP-532, 2007-Ohio-2653, ¶ 10, citing *Renner's Welding & Fabrication, Inc. v. Chrysler Motor Corp.*, 117 Ohio App.3d 61, 64 (4th Dist.1996).

{¶ 11} The Supreme Court of Ohio has set forth a two-step analysis for determining whether an order is final and appealable. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989). First, the appellate court must determine whether the order constitutes a final order as defined by R.C. 2505.02. *Id.* If the order is final under R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies. *Id.* Civ.R. 54(B) provides, in part, as follows:

> In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, if Civ.R. 54(B) language is required, the court must determine whether the order contains a certification that "there is no just reason for delay." Where an order adjudicates fewer than all claims in a case, it must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) to be final and appealable. *Noble* at syllabus.

{¶ 12} For purposes of Civ.R. 54(B) certification, the trial court makes a factual determination of whether or not an interlocutory appeal is consistent with the interests of sound judicial administration. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352 (1993), paragraph one of the syllabus. An appellate court reviews these findings under a competent, credible evidence standard, *see Hausman v. Dayton*, 2d Dist. No. 13647 (Dec. 22, 1993), *rev'd on other grounds*, 73 Ohio St.3d 671 (1995), with the focus being whether the court's determination serves judicial economy at the trial level. *Wisintainer* at 355. While this is a very deferential standard, and appellate courts have been reluctant to strike such a certification, the trial court's use of the "magic language" of Civ.R. 54(B)

does not, by itself, convert a final order into a final, appealable order. *See Ralston v. Scalia*, 5th Dist. No. CA-9344 (Jan. 10, 1994) (appeal dismissed for lack of final, appealable order notwithstanding the presence of no just reason for delay language).

{¶ 13} R.C. 2505.02(B) defines "final orders" as, among other things: (1) "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment," or (2) "[a]n order that affects a substantial right in a special proceeding." Because this is an action for declaratory judgment, we are not concerned with R.C. 2505.02(B)(1) but will, instead, examine R.C. 2505.02(B)(2). *See Gen. Acc. Ins. Co.* at 21 (finding that "[s]ince this is an action for declaratory judgment we are not concerned with the first part of R.C. 2505.02[B][1]. Instead, we will address the issue of whether a declaratory judgment action is a special proceeding and whether determination of the claim of duty to defend affects a substantial right").

{¶ 14} With regard to R.C. 2505.02(B)(2), the Supreme Court has held that a declaratory judgment action is a special proceeding, pursuant to R.C. 2505.02, and that an order entered in a declaratory judgment action that affects a substantial right is a final order under R.C. 2505.02(B)(2). *Gen. Acc. Ins. Co.* at 22. A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). It involves the notion of a right that will be protected by law. *Noble* at 94.

{¶ 15} Because appellee's action is one for declaratory judgment, the trial court's determination on the three annuities was made in a special proceeding. However, " '[p]iecemeal adjudication does not become appealable merely because [it is] cast in the form of a declaratory judgment.' " *Young v. Cincinnati Ins. Co.*, 8th Dist. No. 82395, 2003-Ohio-4196, ¶ 7, quoting *Curlott v. Campbell*, 598 F.2d 1175, 1180 (9th Cir.1979), citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). In the present case, we find the trial court's decision did not affect a substantial right pursuant to R.C. 2505.02(B)(2). In *Knox Cty. Commrs. v. Knox Cty. Engineer*, 5th Dist. No. 09 CA 00041, 2010-Ohio-4099, the court determined that an order issuing a declaratory judgment declaring that certain funds could be used to pay premiums and deductibles but failing to issue an injunction actually ordering the funds to be used to pay such premiums and deductibles was not a final, appealable order. The court reasoned that without ruling on the request for injunctive relief, there was no judgment that could be enforced to require payment. The

court likened the case to the circumstances in *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, in which the court found that an order that issues a declaratory judgment that an insured is entitled to coverage but does not determine damages does not affect a substantial right for purposes of R.C. 2505.02(B)(2) and is not a final, appealable order despite Civ.R. 54(B) language.

{¶ 16} Here, the trial court declared that the assets of Annuity #1 and #2 were assets of the estate, and the assets of Annuity #3 were the property of Charles Scott as beneficiary. However, in his complaint, Peppers also pled for injunctive relief, requesting that the court impose a constructive trust over the proceeds of Annuity #1, #2, and #3. The trial court did not order any injunctive relief with regard to Annuity #1, #2, and #3. Pursuant to *Knox Cty. Commrs.*, the trial court's order here cannot be a final, appealable order because it failed to issue injunctive relief actually ordering the proceeds of Annuity #1, #2, and #3 to be held in trust, or any other appropriate injunctive relief protecting the proceeds. Like in *Knox Cty. Commrs.*, we find the absent injunctive relief akin to the absent damages determination in *Walburn*. Lacking a ruling on the request for injunctive relief, there was no judgment that could be enforced to assure the proceeds would actually become assets of the estate and capable of distribution. For this reason, we find that the trial court's certification in the present case was not justified because the decision did not affect a substantial right, and, thus, the decision was not a final, appealable order.

{¶ 17} Accordingly, we dismiss appellants' appeal for lack of a final, appealable order.

*Appeal dismissed.*

KLATT and BRUNNER, JJ., concur.

_____