[Cite as *Tassone v. Tassone*, 2019-Ohio-683.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Zephynia S. Tassone, | : | |
| Plaintiff-Appellee, | : | No. 18AP-475 and |
| v. | : | No. 18AP-614 (C.P.C. No. 17DR-4399) |
| Matthew Tassone, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 26, 2019

**On brief:** *Matthew Tassone*, pro se. **Argued:** *Matthew Tassone.*

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Matthew Tassone, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, denying his requests for relief from judgment filed in April and May 2018, and from a judgment of that court denying his request for findings of fact and conclusions of law. For the following reasons, we dismiss these appeals.

**I. Facts and Procedural History**

{¶ 2} Matthew and plaintiff-appellee, Zephynia S. Tassone, were married in July 2011, and have one child. In November 2017, Zephynia filed a complaint for divorce. On December 11, 2017, Matthew moved for emergency custody of the parties' child. Two days later, Matthew filed an answer and counterclaim, a motion for temporary orders, and a motion for contempt against Zephynia. On December 20, 2017, the parties and their counsel appeared in court on Matthew's motions. On the same day, the trial court, with the

approval of the parties, entered an agreed interim entry. The agreed interim entry detailed the parties' parenting time in regard to their child from 5:00 p.m. on December 20, 2017, through 10:00 a.m. January 2, 2018. It also set forth an allocation of parenting time beginning 10:00 a.m., January 2, 2018, "until further order of" the court. (Agreed Interim Entry at 1.) The agreed interim entry also indicated that Matthew agreed that his motions for emergency custody and contempt were "resolved by this agreement or shall otherwise be dismissed or withdrawn." (Agreed Interim Entry at 2.) The agreed interim entry further stated that the parties would "proceed on temporary orders and nothing in this order shall prohibit either party from proceeding on temporary orders." (Agreed Interim Entry at 2.) On January 26, 2018, the trial court magistrate entered temporary orders, including designating Zephynia as the school placement parent and ordering parenting time pursuant to Local Rule 27 of the Franklin County Court of Common Pleas, Division of Domestic Relations, Option B.

{¶ 3} On April 19, 2018, Matthew filed a motion pursuant to Civ.R. 60(B) seeking relief from the agreed interim entry. On April 25, 2018, Matthew filed an amended motion for relief pursuant to Civ.R. 60(B), and on May 1, 2018, he filed a second amended motion for relief pursuant to Civ.R. 60(B). In the motions for relief, Matthew alleged that he signed the agreed interim entry under duress and that Zephynia's counsel had engaged in misconduct. On May 23, 2018, the trial court denied Matthew's motions for relief from judgment. The next day, Matthew filed a motion pursuant to Civ.R. 52 for findings of fact and conclusions of law in regard to the trial court's May 23, 2018 decision and judgment entry. On July 16, 2018, the trial court denied Matthew's motion for findings of fact and conclusions of law.

{¶ 4} Matthew timely appeals from the trial court's May 23, 2018 denial of his requests for relief from judgment and the trial court's July 16, 2018 denial of his motion for findings of fact and conclusions of law. These separate appeals were consolidated for the purpose of record filing, briefing, oral argument, and determination.

## II.  Assignments of Error

{¶ 5}  Matthew assigns the following errors for our review:

1. The trial court abused its discretion in not holding an evidentiary hearing with respect to Appellant's May 1st, 2018 Motion for Relief from Judgement.

2. The trial court abused its discretion in not granting Defendant's Request for findings of Fact.

3. The trial court abused its discretion in denying Defendant's May 1st, 2018 motion for relief.

4. The trial court erred in not considering Defendant's Due Process Claims.

5. The trial court erred to the prejudice of Appellant in determining that the "Agreed Interim Entry" contract/order was not a final and appealable order under R.C. 2505.02.

6. The trial Court erred in determining that Defendant did not have a meritorious claim or defense if relief was granted under rule Ohio Civ.Ru.60(B)

7. the trial court erred in finding that Defendant did not present a prima facie showing that the ends of justice would better be served by setting the judgement aside.

8. the trial court erred in finding that Defendant was not entitled to relief under Ohio Civ.R. 60(B).

(Sic passim.)

## III.  Discussion

{¶ 6}  Before analyzing Matthew's assignments of error, we must, as a preliminary matter, address our subject-matter jurisdiction in these consolidated appeals.  Although neither party has raised the issue of whether the trial court's May 23 and July 16, 2018 entries are final appealable orders, an appellate court may raise that jurisdictional question sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 7}  Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts.  Ohio Constitution, Article IV, Section 3(B)(2); R.C.

2505.03.  If an order is not a final appealable order, the appellate court lacks jurisdiction and the court must dismiss the appeal.  *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993).  A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Eng. Excellence, Inc. v. Northland Assocs., LLC*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10; *see Lantsberry v. Tilley Lamp Co., Ltd.,* 27 Ohio St.2d 303, 306 (1971) ("A final order * * * is one disposing of the whole case or some separate and distinct branch thereof.").  A trial court's labeling of an entry as a "final appealable order" is not dispositive of the issue.  *In re Murray*, 52 Ohio St.3d 155, 157 (1990).

{¶ 8}   Here, Matthew sought relief pursuant to Civ.R. 60(B) from the trial court's December 20, 2017 agreed interim entry, and he subsequently requested findings of fact and conclusions of law in regard to the trial court's denial of his request for relief.  In seeking relief, Matthew alleged the agreed interim entry was invalid because he signed it under duress, and that Zephynia's counsel had engaged in misconduct during the proceedings.

{¶ 9}   Generally, a decision denying a motion for relief from judgment under Civ.R. 60(B) is a final appealable order.  *Straquadine v. Crowne Pointe Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 11.  However, because a Civ.R. 60(B) motion to vacate lies only from a "final judgment, order, or proceeding," when the underlying judgment or order does not meet this requirement, Civ.R. 60(B) is not a proper procedural mechanism for relief and it cannot be used to convert an otherwise non-final judgment or order into a final appealable order.  *Nami v. Nami*, 10th Dist. No. 17AP-265, 2017-Ohio-8330, ¶ 17.  Consequently, the "denial of relief from a non-final order is, itself, not a final appealable order."  *Kalapodis v. Hall*, 9th Dist. No. 22386, 2005-Ohio-2567, ¶ 10; *see Wells Fargo Bank, NA v. Vasquez*, 9th Dist. No. 13CA0086-M, 2015-Ohio-717, ¶ 6 ("When an order is not final, the decision declining to vacate that order is also not a final appealable order.").  By logical extension, a trial court's denial of a request for findings of fact and conclusions of law as to its denial of a request for relief from a non-final appealable order is also not a final appealable order.

{¶ 10} The trial court's agreed interim entry at issue was a temporary order allocating custody between the parents.  The entry also effectively dismissed Matthew's motion for contempt; thus, the court did not make a finding of contempt or impose a

penalty or sanction in the entry.  Matthew argues that while the agreed interim entry may not be a final judgment, it constitutes a final appealable order under R.C. 2505.02.  We disagree.  It is well-settled that temporary child custody orders are not final and appealable. *In re B.A.L.*, 8th Dist. No. 103053, 2016-Ohio-300, ¶ 25; *In re J.L.R.*, 4th Dist. No. 08CA17, 2009-Ohio-5812, ¶ 29.  Furthermore, a ruling on a contempt motion is not a final appealable order unless the trial court has made a specific finding of contempt and has imposed a penalty or sanction. *Mike McGarry & Sons, Inc. v. Constr. Resources One, LLC*, 6th Dist. No. S-17-005, 2018-Ohio-528, ¶ 108; *Holeski v. Holeski*, 11th Dist. No. 2009-P-0007, 2009-Ohio-6036, ¶ 42.  Therefore, the agreed interim entry is not a final appealable order.

{¶ 11} Because the agreed interim entry is not a final appealable order, the trial court's entries, denying Matthew's requests for relief from the agreed interim entry and denying his related request for findings of fact and conclusions of law, are not final appealable orders.  Therefore, these appeals must be dismissed for lack of jurisdiction.

## IV.  Disposition

{¶ 12} Based on the foregoing, we dismiss both appeals for lack of a final appealable order.

*Appeals dismissed.*

KLATT, P.J., and DORRIAN, J., concur.