[Cite as *Columbus Mun. Corp. v. Wiltshire Capital Partners, LP*, 2024-Ohio-2180.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, Ohio, a municipal corporation, | : | |
| | : | |
| Petitioner-Appellee, | : | No. 23AP-513 |
| | : | (C.P.C. No. 21CV-5236) |
| v. | : | (REGULAR CALENDAR) |
| Ohio Wholesale Auto Sales, LLC et al., | : | |
| Respondents-Appellees, | : | |
| Wiltshire Capital Partners, LP, | : | |
| Respondent-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on June 6, 2024

**On brief:** *Haynes, Kessler, Myers & Postalakis*, and *Christopher T. Cline*, for Ohio Wholesale Auto Sales, LLC. **Argued:** *Christopher T. Cline*.

**On brief:** *Wells Law Office*, and *Joquetta S. Wells*, for appellant. **Argued:** *Joquetta S. Wells*.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Respondent-appellant, Wiltshire Capital Partners, LP, ("Wiltshire")appeals from a decision and entry of the Franklin County Court of Common Pleas determining Wiltshire is barred from presenting any claims based on the mortgage and promissory note at issue in the matter. For the following reasons, we dismiss the appeal.

## I. Facts and Procedural History

{¶ 2} On August 17, 2021, petitioner-appellee, city of Columbus, filed a petition for appropriation of real property declaring its intention to use eminent domain to appropriate a fee simple interest and a temporary easement for a 0.082-acre parcel of land in Clinton Township and to appropriate a temporary construction easement for a 0.016-acre parcel of land in Clinton Township. The city initiated the eminent domain proceedings "for the purposes of making, constructing, repairing or improving a state, U.S. or interstate highway which shall be open to the public, without charge" as part of the Hudson Street Sidewalks Project. (Petition for Appropriation at ¶ 7.) In its appropriation petition, the city named nine entities who have, claim to have, or may have, the following estate, interest or right in the real property: (1) respondent-appellee, Ohio Wholesale Auto Sales, LLC, fee simple interest; (2) Doug Davis and Marilyn Bernard, mortgage of record; (3) William L. Bowersock, mortgage of record; (4) Florence Odita, mortgage of record; (5) Wiltshire, mortgage of record; (6) State of Ohio, Department of Taxation, judgment of record; (7) Don's Garage, Inc., judgment of record; (8) city of Columbus, notice of lis pendens; and (9) Franklin County Treasurer, property taxes and assessments. As the action progressed, the city dismissed the State of Ohio, Department of Taxation, and Don's Garage from the action, and the trial court entered default judgment against Davis and Bernard, Odita, and Bowersock. Thus, as of April 18, 2022, only three respondents remained: Wiltshire, Ohio Wholesale Auto Sales, and the Franklin County Treasurer. Ohio Wholesale Auto Sales is the title holder of the property and Wiltshire claims a mortgage interest in the property.

{¶ 3} On August 2, 2022, the matter came before the trial court for a status conference. Based on the parties' representations at the status conference, the trial court set the matter for an evidentiary hearing "to determine Defendant Wiltshire Capital Partners LP's standing in this matter." (Aug. 3, 2022 Order.) Prior to the scheduled hearing, the trial court issued an August 11, 2022 order vacating the order for the hearing and directing the parties to submit briefing and any evidence regarding Wiltshire's "standing," stating the trial court would "rule on the issue without oral arguments." (Aug. 11, 2022 Order.) The trial court ordered the parties to submit briefing by August 26, 2022. Ohio Wholesale Auto Sales submitted a brief and evidence to the trial court. Ohio Wholesale Auto Sales stated in its brief that Wiltshire had filed a complaint for foreclosure

in 2017, under Franklin C.P. No. 17CV007723, involving Wiltshire's same mortgage interest at issue in the current eminent domain action.  Wiltshire submitted an untimely brief on September 1, 2022 along with a motion for leave to file its untimely brief.  However, the trial court denied Wiltshire's motion for leave and did not consider Wiltshire's brief. Neither the city nor the Franklin County Treasurer submitted briefs on the matter.

{¶ 4}   On July 24, 2023, the trial court issued a "Decision and Entry Regarding Status of Defendant Wiltshire Capital Partners LP."  In the decision and entry, the trial court determined because Wiltshire had its claim decided adversely against it in a separate foreclosure action involving the same mortgage interest it has in the property here, res judicata applied and Wiltshire "no longer has a stake in any matter relating to the mortgage and cannot claim some real interest in the subject matter of the action to fulfill its jurisdictional requirement."  (Decision & Entry at 5.)  Thus, the trial court determined Wiltshire "has no standing and its claim is barred by *res judicata*," and further ordered Wiltshire "is barred from presenting any claims based on the mortgage and promissory note which it first advanced in the 2017 Foreclosure." (Decision & Entry at 5.)

{¶ 5}   Wiltshire timely appeals.  We note that while Ohio Wholesale Auto Sales filed a brief positioning itself as "defendant-appellee," neither the city nor the Franklin County Treasurer have appeared in the appeal.

## II.  Assignments of Error

{¶ 6}   Wiltshire assigns the following three assignments of error for our review:

> I. The trial court erred by ruling, contrary to law, that a Civil Rule 41(B)(1) dismissal for failure to prosecute a foreclosure action in which service of process on the defendant(s) has not been obtained, constitutes an adjudication on the merits and, therefore, (a) bars the plaintiff from refiling the foreclosure action and (b), by vitiation of the mortgage related to the foreclosure action, precludes a mortgagee from the status of "owner" within the meaning of RC § 163.01(E) and from the status of Defendant/Respondent in an appropriation proceeding brought pursuant to Chapter 163 of the Ohio Revised Code.

> II. The trial court erred in ruling that Appellant Wiltshire does not have standing to participate in any manner in an eminent domain proceeding that seeks to appropriate property that is encumbered by a mortgage lien held by Wiltshire.

III. The trial court abused its discretion to Wiltshire's substantial prejudice by denying Appellant Wiltshire, the Mortgagee of specific property sought for appropriation, leave to file its brief and thereby be meaningfully heard during the trial court's evidentiary proceeding on the issue of Wiltshire's status in the proceeding for appropriation of the mortgaged property and further abused its discretion by also denying Appellant Wiltshire's Motion For Reconsideration, made on the grounds of excusable neglect.

## III. Discussion

{¶ 7} Before we can reach the merits of Wiltshire's assignments of error, we must address our subject-matter jurisdiction. Although neither party has raised the issue of whether the trial court's July 24, 2023 decision and entry is a final appealable order, an appellate court may raise that jurisdictional issue sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. No. 18AP-843, 2019-Ohio-3557, ¶ 9, citing *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 8} Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. If an order is not a final appealable order, the appellate court lacks jurisdiction and must dismiss the appeal. *Tassone v. Tassone*, 10th Dist. No. 18AP-475, 2019-Ohio-683, ¶ 7, citing *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8. Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence, Inc. v. Northland Assocs., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10. A trial court's labeling of an entry as a "final appealable order" is not dispositive of the issue. *In re Murray*, 52 Ohio St.3d 155, 157 (1990).

{¶ 9} R.C. 2505.02(B) defines final orders and provides, in pertinent part:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

* * *

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 10} Civ.R. 54(B) provides, as follows:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 11} If a trial court enters judgment on some but not all of the claims in a multi-claim action or with respect to some but not all of the parties in a multi-party action, in the

absence of express Civ.R. 54(B) language, an appellate court has no jurisdiction to review the judgment. *In re the Estate of Endt*, 10th Dist. No. 13AP-956, 2014-Ohio-1749, ¶ 10, citing *Moore v. Gross*, 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 12.

{¶ 12} To be a final appealable order subject to review on appeal, the trial court's July 24, 2023 decision and entry must satisfy the requirements of R.C. 2505.02. At the outset, we must note that it is difficult to categorize the trial court's July 24, 2023 decision and entry. Given the framework of the underlying action is an appropriation action, the only subsections of R.C. 2505.02(B) arguably applicable here are R.C. 2505.02(B)(1), (2), and (7).

{¶ 13} R.C. 2505.02(B)(7) provides an order in an appropriation action may be appealed under R.C. 163.09(B)(3). R.C. 163.09(B)(3) provides:

> An owner has a right to an immediate appeal if the order of the court is in favor of the agency in any of the matters the owner denied in the answer, unless the agency is appropriating property in time of war or other public exigency imperatively requiring its immediate seizure, for the purpose of making or repairing roads which shall be open to the public without charge, for the purpose of implementing rail service under Chapter 4981. of the Revised Code, or under section 307.08, 504.19, 6101.181, 6115.221, 6117.39, or 6119.11 of the Revised Code or by a public utility owned and operated by a municipal corporation as the result of a public exigency.

{¶ 14} Because the city named Wiltshire as a defendant in the appropriation action as a party with a mortgage interest in the property, Wiltshire is considered an "owner" for purposes of the applicability of R.C. 163.09, even though Ohio Wholesale Auto Sales challenges the extent of Wiltshire's mortgage interest in the property. R.C. 163.01(E) ("[o]wner means any individual, partnership, association, or corporation having any estate, title, or interest in any real property sought to be appropriated"). However, based on the plain language of R.C. 163.09(B)(3), the immediate right to appeal applies only where "the order of the court is in favor of the agency in any of the matters the owner denied in the answer." Although Wiltshire filed an answer objecting to the city's taking of the real property, the trial court's July 24, 2023 decision and entry is not "an order in favor of the agency" and instead relates to a question raised during a status conference by another named defendant. The city did not file a brief in the trial court related to this matter, and

nothing in the decision and entry relates to the city's right to appropriate the property. *See Mill Creek Metro. Park Dist. Bd. of Commrs. v. Less*, 172 Ohio St.3d 24, 2023-Ohio-2332, ¶ 14, quoting R.C. 163.09(B)(3) (the right to immediately appeal contained in R.C. 163.09(B)(3) does not apply to every ruling in an appropriation case and instead applies only to orders " 'in favor of the agency in any of the matters the owner denied in the answer[s]' ").

**{¶ 15}** Additionally, the immediate right to appeal contained in R.C. 163.09(B)(3) does not apply where "the agency is appropriating property * * * for the purpose of making or repairing roads which shall be open to the public without charge." R.C. 163.09(B)(3). Here, the city filed the appropriation action "for the purposes of making, constructing, repairing or improving a state, U.S. or interstate highway which shall be open to the public, without charge." (Petition for Appropriation at ¶ 7.) Thus, the trial court's July 24, 2023 decision and entry is not immediately appealable under R.C. 163.09(B)(3). *See Dublin v. Friedman*, 10th Dist. No. 16AP-516, 2017-Ohio-9127, ¶ 33 (explaining R.C. 163.09(B)(3) "concerns the time at which a party may appeal a court's ruling on the preliminary issues" and "reverts to the general rule of no immediate appeal when the agency is appropriating the property to make or repair a public road," but "the court's ruling on any preliminary issue is appealable after compensation has been assessed and the court disposes of the entire case"). For these reasons, the July 24, 2023 decision and entry does not satisfy R.C. 2505.02(B)(7).

**{¶ 16}** The only remaining subsections with arguable applicability are R.C. 2505.02(B)(1) and (2). Under both R.C. 2505.02(B)(1) and (2), a final order is one that must "affect a substantial right." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *DeAscentis v. Margello*, 10th Dist. No. 04AP-4, 2005-Ohio-1520, ¶ 19, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

**{¶ 17}** It is difficult to categorize the trial court's July 24, 2023 decision and entry for several reasons. First, the decision relates to an issue apparently raised at a status conference but not by any formal motion or pleading of a party. While the trial court asked

for briefing and issued a decision and entry, it did not rule on a claim or a distinct aspect of a claim. Second, the decision purports to determine the "standing" of Wiltshire in the action. An assertion of lack of standing is typically understood as a challenge to the capacity of party to *bring* an action. *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 22, citing *State ex rel. Tubbs-Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998); *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41 ("[i]t is fundamental that a party *commencing* litigation must have standing to sue in order to present a justiciable controversy") (Emphasis added.). Here, the city brought the appropriation action, naming Wiltshire as a defendant. It is unclear how a trial court could rule on the lack of standing of a defendant, who, by definition did not commence the action, or what, if any, effect that ruling has on the city's appropriation action. Finally, the trial court's July 24, 2023 decision and entry involves an issue raised by one named defendant, Ohio Wholesale Auto Sales, with regard to another named defendant, Wiltshire. The city did not participate in the briefing of this issue below. Though the trial court ruled on whether Wiltshire had "standing," even if we were to construe the decision and entry as considering whether Wiltshire is an appropriate party in the appropriation action, the trial court did not dismiss Wiltshire as a defendant. Because Wiltshire remains a named defendant, Wiltshire can appeal when the court disposes of the entire case. Thus, we cannot conclude the trial court's July 24, 2023 decision and entry, however we were to characterize it, affects a substantial right as it does not foreclose appropriate relief in the future. We find, therefore, that the decision and entry does not satisfy the requirements of either R.C. 2505.02(B)(1) or (2).

{¶ 18} Moreover, the trial court's July 24, 2023 decision and entry does not contain language, pursuant to Civ.R. 54(B), that "there is no just reason for delay" of the appeal. *Tonti Homes Corp. v. Siculan*, 10th Dist. No. 22AP-162, 2022-Ohio-3067, ¶ 12 ("even if we were to consider that the trial court's * * * decision and entry meets the requirements of R.C. 2505.02, we could not find the decision and entry is a final, appealable order pursuant to Civ.R. 54(B)"). As noted above, the trial court's July 24, 2023 decision and entry does not dispose of all claims, and the action is a multi-party action. Thus, even if we could somehow construe the decision and entry as falling within one of the subsections of R.C. 2505.02(B), because the trial court failed to include the express language of Civ.R. 54(B),

the order is not a final appealable order and this court may not review it. *See Estate of Endt* at ¶ 10 ("[w]e need not consider whether the judgment entry before us is a final order under R.C. 2505.02 because the lack of Civ.R. 54(B) language is dispositive").

{¶ 19} Because the trial court's July 24, 2023 decision and entry was not a final appealable order, we lack jurisdiction to review Wiltshire's assignments of error.

## IV. Disposition

{¶ 20} Based on the foregoing reasons, the decision and entry of the Franklin County Court of Common Pleas is not a final appealable order, and this court is without jurisdiction to consider the appeal. Accordingly, we sua sponte dismiss the appeal.

*Appeal dismissed.*

DORRIAN and BOGGS, JJ., concur.