[Cite as *Musgrave v. Yost*, 2025-Ohio-443.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mathew J. Musgrave, | : | |
| Requester-Appellant, | : | |
| v. | : | No. 24AP-268<br>(Ct. of Cl. No. 2023-00670PQ) |
| David Yost-Ohio Attorney General, | : | (REGULAR CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on February 11, 2025

**On brief:** *Mathew J. Musgrave*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Heather L. Buchanan*, and *Byers B. Emmerling*, for appellee.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Requester-appellant, Mathew J. Musgrave, appearing pro se, filed a notice of appeal of a public records case that originated in the Court of Claims of Ohio. The notice of appeal does not specify the date of the order or entry from which Musgrave appeals. Musgrave has also filed a "motion for court to review records" and a motion for summary judgment. For the following reasons, we dismiss the appeal.

**I. Facts and Procedural History**

{¶ 2} On October 16, 2023, Musgrave filed a complaint in the Court of Claims against respondent-appellee, Ohio Attorney General Dave Yost pursuant to R.C. 2743.75. Musgrave alleged that he had been denied access to documents in violation of the Ohio Public Records Act, R.C. 149.43(B). The court assigned the case to a special master.

{¶ 3} On March 19, 2024, the special master issued his report and recommendation pursuant to R.C. 2743.75(F)(1). The report recommended that the court find Musgrave's claim for production of records was moot, find Musgrave failed to prove a violation of R.C. 149.43(B)(4), reject Musgrave's remaining claims, and assign the costs of the case to Musgrave. The report concluded with a paragraph that stated:

> Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).

(Emphasis deleted.) (Report & Recommendation at 7.)

{¶ 4} On April 1, 2024, the Court of Claims received a letter from Musgrave ("the April 1st letter") stating that it was "a tentative response to receipt of [the special master's] Decision of March 19th." On April 5, 2024, the court received a letter from Musgrave in which he requested "an extension to complete a response to the Decision of March 19th." On April 10, 2024, the court denied Musgrave's request for an extension of time.

{¶ 5} On April 15, 2024, the Court of Claims received a letter from Musgrave dated April 10, 2024, stating that he was filing a motion for extension of time to file an objection to the special master's report and recommendation and enclosing a "Notice of Appeal and Docketing Statement for the Ohio Court of Appeals, Tenth District." The notice of appeal was docketed in this court on April 19, 2024.

{¶ 6} On April 19, 2024, the Court of Claims issued an entry staying the case while Musgrave's appeal to this court was pending. The entry recognized that Musgrave's April 1st letter was designated on its docket as an objection to the special master's report and recommendation. The court concluded, however, that it could not enter a ruling on Musgrave's objection after Musgrave had filed an appeal with this court because such a ruling "would not be in aid of [Musgrave's] appeal and would be inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment from which [Musgrave] appeals." (Entry at 1-2, citing *In re S.J.*, 2005-Ohio-3215, ¶ 9 ("Once a case has been

appealed, the trial court loses jurisdiction except to take action in aid of the appeal. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from.") (Citations omitted.)).

## II. Discussion

{¶ 7} Although labeled as assignments of error, Musgrave essentially presents in his brief 14 categories of objections to the special master's report and recommendation. Appellee argues in response that, as a preliminary matter, this court lacks subject-matter jurisdiction over the appeal because Musgrave filed his notice of appeal before the court issued a final order adopting or rejecting the report and recommendation and Musgrave appears to be seeking an appeal of that report and recommendation.

{¶ 8} Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts. Ohio Const., article IV, § 3(B)(2); R.C. 2505.03. If an order is not a final appealable order, the appellate court lacks jurisdiction and must dismiss the appeal. *Tassone v. Tassone*, 2019-Ohio-683, ¶ 7 (10th Dist.), citing *K.B. v. Columbus*, 2014-Ohio-4027, ¶ 8 (10th Dist.).

{¶ 9} R.C. 2743.75(F)(2) describes the steps that the Court of Claims must take following a special master's submission of a report and recommendation. In relevant part, the statute explains:

> If neither party timely objects, the court of claims *shall promptly issue a final order* adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, *shall issue a final order* that adopts, modifies, or rejects the report and recommendation.

(Emphasis added.) The language in the statute makes clear that the final order is that which is issued by the Court of Claims adopting, modifying, or rejecting the special master's report and recommendation.

{¶ 10}　The Court of Claims noted in its entry dated April 19, 2024, that it has not yet ruled on Musgrave's pending objection to the special master's report and recommendation and that it has stayed consideration of that objection while this appeal is pending.  Therefore, due to Musgrave's filing of a notice of appeal with this court, the court of Claims has not yet issued a final order that adopts, modifies, or rejects such a report pursuant to R.C. 2943.75(F)(2).  Because Musgrave is not appealing a final appealable order, we lack jurisdiction to review Musgrave's assignments of error.

### III.  Conclusion

{¶ 11}　For the foregoing reasons, this court is without jurisdiction to consider the appeal.  Accordingly, we sua sponte dismiss this appeal.   Because the appeal is dismissed, we deny as moot Musgrave's motion for the court to review records and motion for summary judgment.

*Appeal dismissed.*

EDELSTEIN and LELAND, JJ., concur.

————————————