[Cite as *C.D.L. v. M.V.N.C.*, 2025-Ohio-2655.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [C.D.L.], | : | |
| Plaintiff-Appellant, | : | No. 24AP-573 |
| | | (C.P.C. No. 14JU-014583) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [M.V.N.C.], | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 29, 2025

**On brief**: [C.D.L.], pro se. **Argued**: [C.D.L.].

**On brief**: *Stacy M. Schumacher* for appellee. **Argued**: *Stacy M. Schumacher*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, C.D.L., pro se, appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying his motion to set aside a magistrate's order. For the following reasons, we dismiss the appeal.

**I. Facts and Procedural History**

{¶ 2} This contested custody litigation has lasted for more than a decade with a lengthy procedural history. Appellant and defendant-appellee, M.V.N.C., have two minor children. The parties were never married. On November 5, 2014, appellant filed a complaint for parental rights and responsibilities seeking to be named the residential

parent and legal custodian of the children.  The parties entered into a shared parenting agreement on December 30, 2016, and the trial court entered a final decree of shared parenting on January 6, 2017.

{¶ 3} Relevant to this appeal, on December 11, 2019, appellee filed a motion to modify parental rights and responsibilities and a motion to modify child support.  On July 2, 2020, appellant filed his own motion to modify the shared parenting plan.  In 2021, Franklin County Children Services filed a complaint alleging the minor children to be abused, neglected, and dependent children.  (Case no. 21 JU-11-10967.)  The trial court issued a stay in the instant case pending the outcome of the abuse, neglect, and dependency action.  The abuse, neglect, and dependency case was ultimately dismissed, and litigation in the instant case resumed on September 29, 2023.  When the trial court reactivated the instant matter, it reactivated the still-pending motions, including appellee's motions to modify parental rights and responsibilities and child support and appellant's motion to modify the shared parenting plan.

{¶ 4} Upon reactivation, on November 6, 2023, appellee filed a motion to remove the guardian ad litem for the children and for the trial court to appoint a new guardian ad litem.  The guardian ad litem filed her own motion to withdraw on November 8, 2023.  Appellant opposed both motions.

{¶ 5} On December 14, 2023, appellant filed a motion to terminate the August 4, 2021 temporary orders.  And on December 20, 2023, he also filed a motion to reallocate fees related to the guardian ad litem and the psychological evaluation. On January 9, 2024, appellant filed a motion to order mediation between the parties.

{¶ 6} The guardian ad litem filed a motion seeking an order for the payment of fees due, and the trial court issued a February 1, 2024 entry approving the final payment of fees for the guardian ad litem.

{¶ 7} In a February 12, 2024 magistrate's order, the magistrate (1) granted appellee's motion to remove the guardian ad litem, (2) granted the guardian ad litem's motion to withdraw, (3) noted the guardian ad litem's fees were already awarded in a February 1, 2024 entry, (4) denied appellant's motion to modify the temporary orders, (5) denied appellant's motion for mediation, and (6) granted in part appellant's motion to reallocate the guardian ad litem and psychological evaluation fees.  On February 22, 2024,

appellant filed a motion to set aside the magistrate's order. The trial court denied appellant's motion to set aside the magistrate's order in an August 22, 2024 decision and judgment entry. Appellant timely appeals from the August 22, 2024 decision and judgment entry.

## II. Assignments of Error

{¶ 8} Appellant raises the following three assignments of error for our review:

> [I.] The trial court erred and abused its discretion by denying [Appellant's] Motion to Set Aside.
>
> [II.] The trial court erred and abused its discretion by engaging in an ex parte communication, in her chambers, with the Guardian ad Litem, Brian Furniss, prior to the April 16, 2024 hearing.
>
> [III.] The trial court erred and abused its discretion in seizing Appellant's cell phone which he relied upon for internet access during the hearing while allowing the attorneys present in the courtroom to retain their internet access throughout the hearing.

## III. Analysis

{¶ 9} Before we reach the merits of appellant's assignments of error, we must determine whether the trial court's August 22, 2024 decision and entry is a final appealable order.

{¶ 10} Article IV, Section 3(B)(2) of the Ohio Constitution limits the jurisdiction of appellate courts to considering only final appealable orders. "If an order is not a final appealable order, the appellate court lacks jurisdiction and the court must dismiss the appeal." *Tassone v. Tassone*, 2019-Ohio-683, ¶ 7 (10th Dist.), citing *K.B. v. Columbus*, 2014-Ohio-4027, ¶ 8 (10th Dist.). Final orders "dispos[e] of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). An order of a trial court is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Tassone* at ¶ 7, citing *Eng. Excellence, Inc. v. Northland Assocs., LLC*, 2010-Ohio-6535, ¶ 10 (10th Dist.). The trial

court's designation of an entry as a "final appealable order" is not dispositive of the issue. *Id.*, citing  In re *Murray*, 52 Ohio St.3d 155, 160 (1990).

{¶ 11} R.C. 2505.02(B) defines final orders and provides, in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 12} "If the order is final under R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies." *Peppers v. Scott*, 2016-Ohio-8265, ¶ 11 (10th Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989).  Civ.R. 54(B) provides, as follows:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities

of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 13} Where a trial court enters judgment on some but not all of the claims in a multi-claim action or with respect to some but not all of the parties in a multi-party action, an appellate court has no jurisdiction to review the judgment in the absence of express Civ.R. 54(B) language. *In re Estate of Endt*, 2014-Ohio-1749, ¶ 10 (10th Dist.), citing *Moore v. Gross*, 2010-Ohio-3328, ¶ 12 (10th Dist.). Thus, if Civ.R. 54(B) applies, the order must contain a certification that " 'there is no just reason for delay.' " *Peppers* at ¶ 11, quoting Civ.R. 54(B).

{¶ 14} Generally, proceedings in juvenile court are special statutory proceedings within the meaning of R.C. 2505.02(B)(2), and parental rights are "substantial rights" for purposes of R.C. 2505.02(B)(2). *Dunham v. Ervin*, 2017-Ohio-7616, ¶ 13 (10th Dist.), citing *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994). " 'An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future.' " *Columbus v. Ohio Wholesale Auto Sales, LLC*, 2024-Ohio-2180, ¶ 16 (10th Dist.), quoting *DeAscentis v. Margello*, 2005-Ohio-1520, ¶ 19 (10th Dist.), citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶ 15} Here, the trial court's August 22, 2024 decision and judgment entry did not resolve the parties' competing motions to modify parental rights and responsibilities under the shared parenting plan or appellee's motion to modify child support. Instead, the trial court's August 22, 2024 decision and judgment entry was limited to denying appellant's motion to set aside the magistrate's order concerning aspects of the temporary and interlocutory rulings of the trial court related to the parties' substantive motions. Because the motions to modify parental rights and responsibilities remain pending in the trial court, appellant will have the opportunity to seek review of the trial court's decision regarding these interlocutory issues following the trial court's decision on his pending motion to modify the shared parenting plan. Under these circumstances, the denial of appellant's motion to set aside the magistrate's decision does not affect a substantial right in a special proceeding and, therefore, is not final and appealable under R.C. 2505.02(B)(2). *Dunham*

at ¶ 21 (trial court's decision denying motion to set aside magistrate's order related to removal of the guardian ad litem and payment of a trial deposit was not a final appealable order because appellant could seek review of these issues following the juvenile court's disposition of his pending motion to modify parental rights and responsibilities); *Soliman v. Nawar*, 2023-Ohio-3650, ¶ 8 (10th Dist.) (no final appealable order where trial court's order was limited to denying appellant's motion to set aside the magistrate's ruling concerning aspects of temporary orders and other ancillary rulings, and the motion to modify parental rights and responsibilities remained pending in the trial court); *Ohio Wholesale Auto Sales, LLC* at ¶ 17 (no final appealable order where the trial court's decision and entry does not foreclose appropriate appellate relief in the future).

{¶ 16} Moreover, the trial court's August 22, 2024 decision and judgment entry does not contain language, pursuant to Civ.R. 54(B), that "there is no just reason for delay" of the appeal. *Tonti Homes Corp. v. Siculan*, 2022-Ohio-3067, ¶ 12 (10th Dist.) ("even if we were to consider that the trial court's . . . decision and entry meets the requirements of R.C. 2505.02, we could not find the decision and entry is a final, appealable order pursuant to Civ.R. 54(B)"). As noted above, the trial court's August 22, 2024 decision and judgment entry does not dispose of the parties' still-pending competing motions for modification of parental rights and, thus, does not dispose of all claims. Therefore, even if we could construe the decision as somehow falling within one of the subsections of R.C. 2505.02(B), because the trial court failed to include the express language of Civ.R. 54(B), the order is not a final appealable order, and we may not review it. *See Estate of Endt*, 2014-Ohio-1749, at ¶ 10 ("We need not consider whether the judgment entry before us is a final order under R.C. 2505.02 because the lack of Civ.R. 54(B) language is dispositive."); *Soliman* at ¶ 8 (no final appealable order where trial court's ruling on temporary orders did not contain Civ.R. 54(B) language and motion to modify parental rights and responsibilities remained pending).

{¶ 17} Because the trial court's August 22, 2024 decision and judgment entry is not a final appealable order, we lack jurisdiction to review appellant's three assignments of error.[1]

---

[1] While the trial court's August 22, 2024 decision and judgment entry does not designate itself a final appealable order, we note that the "Court Disposition" sheet appended to and filed with the document includes

## IV. Disposition

{¶ 18} Based on the foregoing reasons, the decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is not a final appealable order, and this court is without jurisdiction to consider the appeal. Accordingly, we dismiss the appeal.

*Appeal dismissed.*

LELAND and DINGUS, JJ., concur.

---

the following statement: "Final Appealable Order: Yes." Though we have explained a court's designation of an entry as a final appealable order is not dispositive of the issue, we urge the trial court to revisit its use of automated final appealable order language in its docketing information as such language can be misleading and create confusion for litigants.